CHARLES D. COOK & others *vs.* FREDERICK H. HOLBROOK & another.

Suffolk.    November 18, 1887. — January 9, 1888.

Present : MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Voluntary Conveyance — Fraud — Question of Fact.*

Whether a voluntary conveyance, made on a meritorious consideration by a person deeply indebted, is fraudulent and void as to existing creditors, is a question not of law but of fact for the jury upon all the circumstances of the transaction.

BILL IN EQUITY to reach and apply real estate in payment of a debt. In the Superior Court issues were framed for a jury, and *Pitman*, J., allowed a bill of exceptions, which, so far as material, appear in the opinion.

*H. Baylies*, for the plaintiffs.
*S. J. Thomas*, for the defendants.

MORTON, C. J.   The object of this suit is to reach and apply in payment of the plaintiffs' debt certain real estate conveyed by their debtor, the defendant Holbrook, to the defendant Russ. The conveyance was a voluntary one, made by said Holbrook for the benefit of his children to the defendant Russ as trustee, and the plaintiffs were pre-existing creditors.

The court gave instructions to the jury as to the legal meaning of fraud which would invalidate such a conveyance, which were not excepted to, and are presumed to be appropriate.   The plaintiffs requested the court to rule that "fraud, in a voluntary conveyance, such as this is shown to be, so far as concerns existing debts, is an inference of law."   The refusal to give this ruling presents the only question before us.

There is some confusion and contradiction in the adjudged cases as to the effect of a voluntary conveyance by a debtor upon the rights of his creditors; but the law is well settled in this Commonwealth that a conveyance made on the meritorious consideration of blood, or affection to a child, or as a settlement to a wife, is not, as matter of law, fraudulent and void as to existing creditors.   Whether it is so or not depends upon all the circumstances of the transaction.   If made when a person is deeply indebted, it furnishes *prima facie* evidence of fraud; but this may be rebutted or controlled, and the question of fraud is not one of law, but of fact for the jury.   *Lerow* v. *Wilmarth*, 9 Allen, 382.   *Winchester* v. *Charter*, 12 Allen, 606.   *Draper* v. *Buggee*, 133 Mass. 258.

The ruling requested was therefore properly refused.

*Exceptions overruled.*