BENJAMIN F. BRIDGES, JR. *vs.* DANIEL W. MILES.

Franklin.     September 16, 1890. — October 22, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Insolvent Debtor — Fraudulent Mortgage — Reasonable Cause to believe*
*— Agent.*

A married woman in business, relying upon the promise of a loan to be paid her in instalments and secured by her mortgage, enlarged her business, thereby suspending the ordinary course thereof for a time, during which she contracted debts beyond her ability to pay, for the alterations and for new stock bought by her husband as her business agent   Five days before going into insolvency, upon receiving the balance of the loan, she executed a mortgage of all her property to the lender, who then knew that she was insolvent in fact, but believed that the business had been successful, that the debts were incurred in enlarging it, and that she would be able to continue it with the aid of the loan. Interest at fifteen per cent was to be paid on the loan, the husband, who intended that she should go into insolvency when the mortgage was given, agreeing to pay the excess above the legal rate. *Held*, in an action brought by her assignee in insolvency against the mortgagee to recover the mortgaged property, that there was no rule of law which required a finding that the defendant had reasonable cause to believe that the mortgage was made in fraud of the insolvent laws.

WRIT OF ENTRY, dated May 20, 1889, brought by the assignee in insolvency of Mary L. Rose, to recover two parcels of land in Deerfield. Plea *nul disseisin*, with a specification of defence that the tenant had never been in possession of the demanded premises, and made no claim thereto except as the mortgagee named in a mortgage from the insolvent debtor, which was

---

* Affirmed in *Manchester v. Massachusetts*, 139 U. S. 240.

averred by him to be valid, dated March 2, 1889, and duly recorded.

Trial in the Superior Court, without a jury, before *Dewey*, J., who reported the case for the determination of this court, in substance as follows.

Mrs. Rose, for several years before 1888, had carried on at Deerfield the business of manufacturing pocket-books and similar articles from leather, under the name and style of S. Eugene Rose, Agent, he being her husband and acting for her in carrying on the business. In that year, the tenant promised to lend her money to be used in her business, to be furnished in instalments, and a mortgage was to be given by her to secure its payment, when all the money had been supplied. Relying on the money so to be furnished, she enlarged her buildings and put in other machinery and fixtures, and in making these changes incurred an expense of about $2,400. She began to make these changes and improvements in August, 1888, and completed them about March 1, 1889, and during this period the ordinary business was for the most part suspended. In making these improvements and alterations, and in buying stock for the enlarged business, and otherwise, Mrs. Rose through her husband contracted debts which she was unable to meet and pay in the ordinary course of business as they became due. In December, 1888, this was known to her, to her husband, and to the tenant, who then, in pursuance of the previous agreement, lent her $1,350 in cash, or its equivalent, and took therefor a note. The money thus lent was duly used in the business. On March 1, 1889, Mrs. Rose was again embarrassed as in the previous December, being unable to meet her bills in the ordinary course of business as they became due, and this was known to her, to her husband, and to the tenant. On March 2, 1889, the tenant, Mrs. Rose, and her husband met, and she executed the mortgage to the tenant on the demanded premises. The consideration for the mortgage was the $1,350 advanced in December, and represented by the note before mentioned, $1,500 cash furnished by the tenant at this time, and a mortgage which the tenant assumed and afterwards paid. On this loan the tenant required interest at the rate of fifteen per cent per annum, and the agreement between the tenant and the husband was, that the latter should

give notes every month for the interest in excess of six per cent, and he did give such note for the extra nine per cent for one month, payable to the tenant in thirty days. The demanded premises comprised all the real estate belonging to Mrs. Rose. At the same time, Mrs. Rose executed a chattel mortgage to the tenant to secure the same indebtedness, both mortgages covering, as the tenant knew, nearly all of her visible property. On March 7, 1889, she filed her petition in insolvency, and the demandant was duly chosen her assignee, and the assignment was made to him on March 19, 1889, and duly recorded. The tenant had never occupied or been in possession of the demanded premises, except such as might be imputed to him by virtue of the legal effect of his plea and specification of defence, and of his asserting the validity of the mortgage.

The judge found that the mortgage in controversy was not given in the usual and ordinary course of business by Mrs. Rose; that when she gave both mortgages, she believed that she had sufficient property to pay all her debts, and that she then had in fact no intention of going into insolvency, or of violating in any way the provisions of the insolvent laws by giving to the tenant the mortgage in controversy, but expected to continue the prosecution of her business; that at this time her husband knew that she was insolvent, and intended, when the mortgage was given, to have his wife go into insolvency, and thereby avoid the mortgages; that when the tenant took the mortgages, he knew of Mrs. Rose's embarrassed condition, and that she was aware of her inability to meet her bills in the ordinary course of business; that he believed, and had reason to believe, that the business as theretofore carried on was a profitable one; that he had reason to believe that most of the bills which were pressing her were incurred in reference to the enlargement of the business; that he did not have reason to believe the total amount of her indebtedess exceeded the total value of her assets; that he expected she would be relieved from embarrassments, and be able to prosecute her business in connection with the aid which he had furnished her; and that he did not have reasonable cause to believe, when he took the mortgages, that Mrs. Rose was in contemplation of insolvency, or that said mortgages to him were made in fraud of the laws relating to

insolvency, or with a view to impede, delay, or in any way defeat the operation and effect thereof, unless reasonable cause so to believe is to be imputed to him by conclusive presumption of law from the facts and findings herein set forth.

The judge ruled that the demandant was not entitled to recover, and found for the tenant. If this ruling was correct, judgment was to be entered on the finding; otherwise, the finding was to be set aside, and a new trial ordered.

*S. T. Field,* (*S. O. Lamb* with him,) for the demandant.

*W. G. Bassett,* for the tenant.

C. ALLEN, J. This case was tried by the court, without a jury, and the judge found that Mrs. Rose, when she gave the mortgages, had in fact no intention of going into insolvency, or of violating in any way the provisions of the insolvent laws, and that she believed that she had sufficient property to pay all her debts, and expected to continue the prosecution of her business; and no question is saved in the report in respect to this finding. He also found, as a fact, that the tenant, when he took the mortgages, did not have reasonable cause to believe that Mrs. Rose was in contemplation of insolvency, or that said mortgages were made in fraud of the laws relating to insolvency, or with a view to impede, delay, or in any way defeat the operation and effect thereof, unless reasonable cause so to believe was to be imputed to him by conclusive presumption of law from the other facts and findings set forth in the report. He thereupon ruled that the demandant was not entitled to recover.

The only question presented by this report is whether, in view of the other facts and findings set forth in the report, the judge was absolutely bound to find, as matter of fact, that the tenant had reasonable cause to believe that the mortgage in controversy was made by Mrs. Rose in fraud of the laws relating to insolvency, or with a view to impede, delay, or in any way defeat the operation and effect thereof. Pub. Sts. c. 157, §§ 96, 98.

It is not a question of the weight of the evidence, but of its conclusiveness. No doubt the facts stated would have well warranted the inference that Mrs. Rose intended an unlawful preference of the tenant, and that he had reasonable cause

to believe that she so intended. The law would have authorized such an inference or presumption; but it is quite another thing to say that the law required it. The fact that the mortgage in controversy was not given in the usual and ordinary course of her business is made by statute *prima facie* evidence of such cause or belief on his part ; but *prima facie* evidence may be controlled or rebutted, and, after all, the intent of the grantor and the reasonable cause of belief on the part of the grantee are both questions of fact, to be determined upon all the facts and circumstances of each case.

If Mrs. Rose did not in fact intend to make a preference or to evade the insolvent laws, it is difficult to see how the tenant can properly be held to have had reasonable cause to believe that she did. *Wager* v. *Hall*, 16 Wall. 584, 601. But however that may be, we cannot say, on such facts and findings as are set forth in the report, that they furnished a conclusive presumption either against Mrs. Rose or against the tenant. The judge found that her business had been mostly suspended during the time of making changes and improvements in her buildings; that she was expecting to continue it; that the tenant had reason to believe that her business, as theretofore carried on, had been profitable, and that he expected that she would be relieved from embarrassment, and be able to prosecute her business with the aid which he had furnished to her. These facts tended to meet the *prima facie* evidence against the tenant. There was nothing in the facts found which necessarily required an inference that the conveyance was given or received with fraudulent intent. Such intent is always a question of fact, and must be proved to have actually existed. See *Cook* v. *Holbrook*, 146 Mass. 66, and *Sartwell* v. *North*, 144 Mass. 188, 192, and cases there cited.

The mortgage was executed by Mrs. Rose personally, and not through the agency of her husband; and his knowledge, belief, and intention might properly be disregarded.

*Judgment for the tenant.*