BENJAMIN P. CLARK & others *vs.* MARY F. McMAHON
& another.

Worcester.   October 8, 1897. — January 6, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Fraud — Deed by Husband to Wife through Third Party — Consideration —*
*Law and Fact.*

In the absence of any finding of fraud on the part of a husband in conveying
through a third person a lot of land to his wife soon after marriage, conform-
ably to his promise so to do made just before marriage, and in consideration of
which she promised to marry him, it cannot be held that the conveyance was
void, as matter of law, as to his creditors.

WRIT OF ENTRY, to recover possession of a parcel of land in
Clinton.   Plea *nul disseisin.*   Trial in the Superior Court, be-
fore *Bishop*, J., who reported the case for the determination of
this court, in substance as follows.

About a month before the marriage of the tenants, Mary F.
McMahon and Simon McMahon, which took place on June 23,
1894, they entered into a contract by which she promised to
marry him in consideration of his promise to convey to her the
land in question.   On June 29, 1894, Simon conveyed it to one
O'Grady, who conveyed it to the tenant on the same day.   At
the time of the conveyance, by which Simon was made insolvent,
he was indebted to the demandants, and also in large amounts
to various other parties.

There was no evidence that the wife knew that the convey-
ance rendered or would render her husband insolvent, and the
judge found that she had no knowledge of any contemplated
fraud by her husband upon his creditors, and that she did not
participate in any fraud upon them.   On August 10, 1895, the
premises were conveyed by a deputy sheriff to the demandants,
they having been attached by the deputy as the property of
Simon, the record title thereof standing in the name of Mary, on
a writ in favor of one Abraham and another, who were creditors
of Simon.   The sale was made by auction upon an execution
issued upon a judgment duly rendered, and the demandants

were the highest bidders at the sale. The indebtedness on account of which the property was sold was in existence at and before the transfer of the property by said deed.

The judge found for the tenants. If the conveyance to Mary could not be sustained, judgment was to be entered for the demandants, with $200 damages for use and occupation; otherwise, judgment was to be entered upon the finding.

*C. G. Bancroft*, for the demandants.

*T. F. Larkin*, for the tenants.

MORTON, J. In *Deshon* v. *Wood*, 148 Mass. 132, on which the plaintiff strongly relies, the conveyance appears to have been not only voluntary, but to have been made by the husband with intent to defraud his creditors. At least that is the form in which the question is stated in the dissenting opinion, and there seems to have been no objection to that form of statement by the majority of the court. In the present case there is no finding of a fraudulent intent on the part of the husband. The case of *Deshon* v. *Wood* is not therefore decisive of this, and we may assume, as that case seems to hold, that if there had been a fraudulent intent on the part of the defendant's husband, the wife's ignorance of it, or of the fact that he was largely indebted, and that the conveyance rendered him insolvent, would not avail her. We may also assume that, as matter of law, the conveyance was a voluntary one. But it is well settled in this Commonwealth that a voluntary conveyance, " made on the meritorious consideration of blood, or affection to a child, or as a settlement to a wife, is not, as matter of law, fraudulent and void as to existing creditors." *Cook* v. *Holbrook*, 146 Mass. 66. *Draper* v. *Buggee*, 133 Mass. 258. *Winchester* v. *Charter*, 12 Allen, 606. *Lerow* v. *Wilmarth*, 9 Allen, 382, 386.

If made by a person deeply indebted it may furnish strong presumptive evidence of fraud. But whether it is fraudulent or not is a question of fact, depending on all of the circumstances of the case. In the absence of any finding of fraud on the part of the husband, we do not see how the conveyance can be held, as matter of law, to be void as to creditors.

According to the report the entry must be judgment on the finding.

*So ordered.*