HARRY J. JAQUITH, trustee, *vs.* MARIANNE E. ROGERS.

Middlesex.    March 7, 1901. — May 24, 1901.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Fraud,* as against creditors.    *Evidence,* Relevancy, Burden of proof.    *Practice, Civil,* Rulings and Instructions.

In a real action to recover land conveyed to the tenant through a third person by her husband, on the ground that the conveyance was fraudulent as against creditors, the demandant asked the tenant's husband " How much were you indebted in 1898 at the time of your examination as a poor debtor ? " and stated that his offer was, to show that the witness at the time of the examination referred to had no debts other than the claim of the bank represented by the demandant. *Held,* that the question properly was excluded, the fact sought to be proved having no legitimate bearing on the question in issue.

In a real action, by a judgment creditor representing a debt established by a suit in Kansas, to recover land conveyed to the tenant through a third person by her husband, on the ground that the conveyance was fraudulent as against creditors, there was evidence, that at the time of the conveyance the grantor had other property worth several times the amount of the claim of the demandant's predecessor in title, that his other indebtedness was small, that some of his property worth several thousand dollars stood recorded in his name, and that the conveyance was made in pursuance of a promise to his wife, given before the bringing of the original suit in Kansas by the demandant's predecessor, at which time the land stood in the grantor's name and could have been attached here, the demandant's predecessor electing to sue in Kansas and to attach the grantor's real estate there. *Held,* that, on this evidence, a request for a ruling that the demandant was entitled to a verdict as a matter of law rightly was refused, the question of fraud being one not of law but of fact for the jury.

It is not as a matter of law fraudulent as against a creditor, for the owner of certain

land who has no other real estate of sufficient value to satisfy the creditor's claim, but who has other property consisting of stocks, bonds or money in his possession, to convey the land to his wife without informing the creditor of his ownership of the personal property. The law does not compel him to go to his creditor and tell him just what bonds and securities he has. Whether in such a case there was any fraudulent concealment is a question of fact for the jury.

The fact, that the demandant in a real action has made out a case sufficient to entitle him to go to the jury, does not throw the burden of proof upon the tenant.

A judge properly may refuse to give a ruling which requires him to pick out particular facts and instruct the jury as to their effect.

WRIT OF ENTRY to recover land conveyed to the tenant, Marianne E. Rogers, by Edwin B. Rogers, her husband, through conveyances made to and by Emma F. Rogers, her sister, dated August 4, 1898.

At the trial in the Superior Court, before *Gaskill*, J., it appeared, that the demandant was trustee for the Hancock National Bank, successor by change of name to the Traders National Bank of Boston. The Traders National Bank had a judgment in Kansas against Edwin B. Rogers; and thereafter the Hancock National Bank, its successor by change of name, brought a suit on that judgment in this Commonwealth in which the land demanded was attached. The bank got judgment and the land was sold on execution to the demandant, as trustee for the bank. No question was raised with regard to the regularity of the execution or sale, or the record of the demandant's title thereunder.

Edwin B. Rogers, called by the demandant, testified that after the execution sale of the premises in question he was examined in poor debtor proceedings in the Police Court of Newton, in the year 1898. He also testified: " I conveyed this property to Emma F. Rogers and she to Marianne E. Rogers, my wife. The reason that I conveyed this property was that I promised in 1894 that at her next birthday I would give her this property. Her birthday came the twentieth day of May, I think, 1895. Another reason was that I was perfectly solvent and free from debt, and had a right to do it."

Rogers further testified that he then, at the time of testifying, had no property. The demandant then asked him: " How much were you indebted in 1898 at the time of your examination as a poor debtor ? " The tenant objected to this question.

The demandant stated that his offer was to show that Mr. Rogers had no debts in 1898 at the time of his examination other than the claim of the Traders National Bank. This question was excluded by the judge on the ground that it was immaterial, and the demandant excepted to the exclusion of the question and of the facts offered to be proved. All other material evidence is sufficiently described in the opinion.

At the conclusion of the evidence, the demandant asked the judge to give the following rulings:

" 1. Upon all the evidence in the case the demandant is entitled to a verdict as a matter of law.

" 2. If at the time of the transfer of these premises by Mr. Rogers to Emma F. Rogers, the only other property which he had, sufficient to pay the judgment of the Traders Bank, consisted of stocks, bonds, or money, in his possession, and if he kept all knowledge of them from the bank, he is to be regarded as insolvent, even though these stocks, bonds and money were sufficient to pay all his debts ; and in such case the demandant is entitled to recover.

" 3. If Edwin B. Rogers, at the time of the transfer of this real estate to Emma F. Rogers, had no other real estate of sufficient value at that time to pay the claim of the Traders Bank, and if his other property consisted of stocks, bonds or money in his possession, and he kept all knowledge of them from the Traders Bank, the conveyance of this real estate would necessarily operate to hinder and delay the bank in the satisfaction of its claim, and the demandant is entitled to recover.

" 4. If the premises in question were conveyed by Mr. Rogers to the tenant by a mesne conveyance through Emma F. Rogers, without any valuable consideration therefor, and if he had no other attachable property except stocks, bonds or money in his possession, and all knowledge of them was kept from the bank, and if the Traders Bank had a valid claim against him at the time of that conveyance, these facts would furnish *prima facie* evidence of a fraudulent purpose on his part in making said conveyance; and it is then necessary for the tenant to rebut or control this evidence."

The judge refused to give any of the above rulings, but submitted the case to the jury with instructions, which were set

forth in the bill of exceptions but are not involved in the decision of the court. To the exclusion of the evidence offered as above stated, and to the refusal to give the rulings requested, the demandant alleged exceptions.

The jury returned a verdict for the tenant; and the demandant alleged exceptions.

*W. R. Bigelow*, for the demandant.

*F. H. Williams*, for the tenant.

LATHROP, J. The principal question in this case is whether the lot of land sought to be recovered from the tenant was fraudulently conveyed to her by her husband through a third person, on May 24, 1895, with intent to defeat, delay or defraud his creditors. The jury found for the tenant, and the case is before us on one exception to the admission of evidence, and on exceptions to the refusal to give certain rulings requested.

1. The exception to the exclusion of evidence may be briefly disposed of. The tenant's husband, Edwin B. Rogers, was asked by the demandant this question: " How much were you indebted in 1898 at the time of your examination as a poor debtor ? " On objection being made, the demandant stated that his offer was to show that Mr. Rogers had no debts in 1898, at the time of his examination, other than the claim of the Traders National Bank. The fact sought to be proved seems to us to have no legitimate bearing upon the question in issue ; and the exception must be overruled.

2. The first ruling requested was rightly refused. It could not be said that upon all the evidence in the case the demandant was entitled to a verdict, as matter of law. There was evidence in the case that at the time of the conveyance the grantor had other property several times the amount of the claim of the demandant's predecessor in title, and that his other indebtedness was small; that some of his property, worth several thousand dollars, stood in his name by deeds duly recorded ; that the conveyance was made in pursuance of a promise to his wife, given before the commencement of the original suit, at which time the land in controversy stood in his name and could have been attached here, but the bank which the demandant represents elected to sue in Kansas, and to attach his real estate there.

In *Cook* v. *Holbrook*, 146 Mass. 66, where a conveyance, made

by a father to a trustee for the benefit of the grantor's children, was sought to be set aside, by pre-existing creditors, on the ground of fraud, the case came before this court on an exception to the refusal of the court below to rule that "fraud, in a voluntary conveyance, such as this is shown to be, so far as concerns existing debts, is an inference of law." This court overruled the exceptions, and it was said by Chief Justice Morton: " But the law is well settled in this Commonwealth that a conveyance made on the meritorious consideration of blood, or affection to a child, or à settlement to a wife, is not, as matter of law, fraudulent and void as to existing creditors. Whether it is so or not depends upon all the circumstances of the transaction. If made when a person is deeply indebted, it furnishes *prima facie* evidence of fraud; but this may be rebutted or controlled, and the question of fraud is not one of law, but of fact for the jury." See also *Winchester* v. *Charter*, 12 Allen, 606; *Clark* v. *McMahon*, 170 Mass. 91; *Jaquith* v. *Massachusetts Baptist Convention*, 172 Mass. 439, 446.

3. The second ruling requested was rightly refused. The court could not properly give this ruling as matter of law. A debtor who conceals his property fraudulently may be regarded as insolvent, though his property may consist of money in his pocket, and may be sufficient to pay all his debts. *Bartholomew* v. *McKinstry*, 6 Allen, 567, 569. *Blake* v. *Sawin*, 10 Allen, 340. But this is very far from saying that a man cannot when sued convey land to his wife, if he has at that time property much more than sufficient to pay his debts. Nor are we aware of any case that holds that he is obliged to go to his creditor and tell him just what bonds and securities he has. Whether there was any fraudulent concealment was a question for the jury. *Stratton* v. *Edwards*, 174 Mass. 374, 377.

4. What we have already said shows that the third request was properly refused.

5. We are also of opinion that the court was not bound to give the fourth request. There was no question whether the demandant had made out a *prima facie* case or not at any stage of the trial, until the close of all the evidence on both sides. There was therefore no occasion to determine whether the demandant could rest, on producing certain evidence, and call upon

the tenant to go into her defence, and then allow the demandant to introduce evidence in rebuttal. The fact that the demandant had made out a case sufficient to entitle him to go to the jury was not in dispute; but this fact did not change the burden of proof. *Gibson* v. *International Trust Co.* 177 Mass. 100, 103. To have given an instruction on this point at this stage of the case might well have misled the jury.

Moreover, the grantor in this case was not deeply indebted when the conveyance to the tenant was made, and so the case does not fall within *Cook* v. *Holbrook*, 146 Mass. 66, from which we have already quoted.

There are other grounds upon which it might be held that the judge was right in refusing to give the instruction requested. It is enough to say, in addition to what has already been said, that the judge was not bound to pick out particular facts and instruct the jury as to their effect. The case was for the jury on all the evidence.

*Exceptions overruled.*