MILES L. MOWRY, trustee, *vs.* ABBIE N. REED.

Franklin.    November 14, 1904. — January 4, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Bankruptcy*, Rights of trustee.    *Conversion.*    *Fraud*, Conveyance with intent to defraud future creditors.    *Husband and Wife.*

In an action by a trustee in bankruptcy against the wife of the bankrupt for a sum of money alleged to be the property of the bankrupt which he fraudulently placed in the hands of the defendant and she converted to her own use, the defendant can be asked on cross-examination what she did with the money received as part of the proceeds of certain property sold by her husband, and on her answers showing that a short time before her husband was examined in bankruptcy proceedings she drew the money out of a bank at her place of residence and deposited it in two banks thirty miles away and that in the bankruptcy proceedings both she and her husband refused to tell where the money was, she can be asked further whether it was not a long time afterwards that she used the money, this evidence being admissible upon the issue whether the defendant converted the money to her own use.

A transfer by a husband through a third person to his wife cannot be avoided as fraudulent by the trustee in bankruptcy of the husband's estate merely by proving that the transfer was made with a design to settle the property on the wife, so that it should not be exposed to the hazards of the husband's future business or be liable for any future debts he might contract, but if a husband makes such a transfer with the actual intent of putting the property where it cannot be

reached by creditors to satisfy debts which at the time he intends to contract and has reasonable ground to believe that he may not be able to pay, even if he does not have that intention as to any particular debt or debts and all his previous debts have been paid, the transfer can be avoided as fraudulent by the trustee in bankruptcy. In this case it was held that the evidence warranted such a finding.

TORT by the assignee in bankruptcy of the estate of Frank E. Reed of Athol, against the wife of the bankrupt, for $3,500 alleged to have been placed fraudulently by the bankrupt in the hands of the defendant and by her converted to her own use. Writ dated October 7, 1901.

In the Superior Court the case was tried before *Maynard*, J., who refused to rule that the plaintiff could not maintain his action, and submitted the case to the jury. The jury returned a verdict for the plaintiff for the full amount claimed; and the defendant alleged exceptions.

*D. Malone & C. N. Stoddard*, for the defendant.

*F. L. Greene & W. A. Davenport*, for the plaintiff.

BARKER, J. The main facts concerning the occasion for this action are these: The defendant's husband for about fourteen years up to the spring of 1897 had kept a hotel, and during that time she had worked constantly and efficiently helping in that undertaking. Upon parting with his interest in the real estate of the hotel at that time he caused the title to a house and lot which he was to have in exchange to be conveyed to his wife, saying that it was her share of the property and that she had worked hard and earned it. The title so placed in her remained until November 23, 1897, when upon the occasion of her husband's purchase of the lease, furniture and stock of another hotel the title was conveyed by her to the person with whom her husband's bargain was made. In the deal that person received a deed of the title and certain shares of stock, and the defendant's husband received a lease of the hotel, authority to sell liquors under a license, indemnity against claims of a prior lessee and a bill of sale of the furniture and fixtures of the hotel. The defendant's husband ran this hotel until January 30, 1901, when the stock, furniture and fixtures were sold for cash, of which $3,500 was paid by the purchaser to the defendant in a bank check or draft.

On April 2, 1901, the defendant's husband became a voluntary

bankrupt, and this action is brought by his trustee in bankruptcy to recover the $3,500 on the ground that it was property of the bankrupt transferred to her in fraud of his creditors.

On June 20, 1898, a bill of sale of the furniture and fixtures was made by the bankrupt to his brother, and another bill of sale of the same property given by the brother to the defendant. Upon the sale of January 30, 1901, the defendant gave a bill of sale of the same property to the purchaser. The whole price then paid by him was $5,260, of which the sum of $3,500 was taken by the defendant and the balance by her husband.

After a jury trial resulting in a verdict for the plaintiff the case is here upon the exceptions of the defendant to certain questions which the plaintiff was allowed to ask her upon her cross-examination as a witness, and upon an exception to a refusal to rule that upon all the evidence the plaintiff could not maintain his action.

1. The questions excepted to upon the defendant's cross-examination had reference to what she did with the $3,500, and from her answers it appeared that having received the check or draft on January 30, 1901, she kept it until April 27, 1901, when she drew the money upon it at a bank in the place of her residence, and on the same day carried it to a city some thirty miles away and there deposited it in two banks ; that her husband having been under examination in bankruptcy on May 8, 1901, and having refused to tell where the money was, on May 9, 1901, she went to the banks in which she had deposited the money and drew it out, and that thereafter upon being examined in the bankruptcy proceedings she by advice of her counsel refused to tell where the money was. The last of the questions excepted to was whether it was not a long time afterwards when she used the money.

We think all the questions excepted to were admissible upon the issue whether as alleged in the declaration and denied in the answer the defendant had converted the $3,500 to her own use.

2. In deciding whether the case should have been submitted to the jury we assume in favor of the defendant that the conveyance to her in the spring of 1897 of the house and lot by direction of her husband and as her share of the property earned by her work gave her a good title which could not be avoided by

future creditors. When however she conveyed that title in November, 1897, it was a fair inference from the evidence that she allowed her husband to take as his own the property the title to which was transferred to him in the transaction of which her deed was a part. From that time until June 20, 1898, the legal title to the whole property was in the husband, and it could be found from the evidence that before either the husband or the defendant took any steps to have the title to the furniture transferred to the latter, the husband had begun to find his business unprofitable, and had reason to know that unless things changed for the better he would become insolvent.

In the transaction of November, 1897, he had himself furnished a considerable proportion of the consideration for which the bill of sale of November 23, 1897, was made to him, and it could be found that the other party to that transaction knew of no intention that the defendant or any one except her husband with whom alone the bargain was made should have any interest in the property. The jury could find that the bills of sale of June 20, 1898, were not a mere means of correcting an error by which the bill of sale of November, 1897, had been made to the husband, but were an actual transfer of the husband's property to the wife, and without a valuable consideration. We assume that the husband was not then insolvent and that the debts which he then owed were paid afterwards in full. If however the husband made the transfer with an actual intent to put the property so that it could not be come at by creditors for debts which at the time he intended to contract and which he had reasonable ground to believe that he might not be able to pay, even if he did not then have that intention as to any particular debt or debts, the transfer was fraudulent and void, and could be found to be so if the evidence went far enough, notwithstanding the fact that all debts which the husband owed when the transfer was made had been paid. *Winchester* v. *Charter*, 12 Allen, 606, 610, 611. But such a finding would not be warranted by proof simply that the transfer was made with a design to settle the property on the defendant so that it should not be exposed to the hazards of his future business or liable for any future debts which he might contract. *Jaquith* v. *Massachusetts Baptist Convention*, 172 Mass. 439, 446. *Jaquith* v. *Rogers*, 179 Mass. 192.

In the present case the evidence tended to show that while the husband on June 20, 1898, was not insolvent he then had no considerable amount of property, and none except the stock, fixtures and furniture of the hotel and a savings bank deposit of $1,200 pledged to another bank for a loan of $1,000; that he then had no license for the sale of liquors and that his business was and for some little time had been a losing one, and that the amount of his property aside from that which was transferred to his wife on June 20, 1898, was but little in excess of the amount which he then owed in current debts; that he was in the habit of borrowing money from and of lending his credit to the brother through whom the transfer was made; that there was no change of possession of the property transferred, and no change in the manner of conducting the business, and that the insurance on the property transferred was still carried in the husband's name; and finally that after having carried on the business at a loss until January, 1901, he sold it out by a transaction entered into in his own name alone, and caused much the greater part of the proceeds of the sale to be paid to the defendant when he was owing more than $7,000 largely to concerns with whom he was dealing on June 20, 1898, and to whom he was then in debt for current bills, and from whom it might be found he then intended to buy in the future upon credit, he then having reasonable ground to believe that he might not be able to pay.

While not conclusive, we think this evidence fairly justified the inference that the husband made the transfer with an actual intent to defraud future creditors.

*Exceptions overruled.*