PETER BENT BRIGHAM HOSPITAL *vs.* ARABELLE H. McCLURE
& another.

Suffolk.   March 29, 1923. — May 25, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, PIERCE, & CARROLL, JJ.

*Deed*, Consideration. *Parent and Child. Equity Pleading and Practice*,
Master: exception to report; Appeal.

A voluntary conveyance made on the meritorious consideration of love and
affection of a parent for his child is not as a matter of law fraudulent as to
existing creditors.

While a conveyance by a father to his daughter for a consideration merely of
love and affection, made when the father was insolvent, furnishes *prima
facie* evidence of fraud, such evidence is rebutted where, in a suit by a credi-
tor to reach and apply such property toward the payment of the debt, a
master finds upon unreported evidence that the father acted in good faith
and that the conveyance was not fraudulent.

An appeal from a final decree dismissing a suit in equity does not bring before
this court the propriety of an interlocutory decree overruling exceptions
to a master's report from which no appeal was taken.

BILL IN EQUITY, filed in the Superior Court on April 5,
1920, against Arabelle H. McClure and the administrator
of the estate of her father, Charles F. McClure, late of
Boston, to have adjudicated the amount still due to the
plaintiff after the foreclosure of a mortgage securing a
mortgage note given by Charles F. McClure and to reach
and apply toward satisfaction thereof certain real estate
alleged to have been conveyed by McClure to his daughter
with intent to defeat and defraud the plaintiff.

In the Superior Court, the suit was referred to a master.
Material findings by the master are described in the opinion.
Exceptions by the plaintiff to the report were heard by
*Sanderson*, J., by whose order there were entered an inter-
locutory decree overruling the exceptions and confirming
the report and a final decree dismissing the bill. The
plaintiff appealed from the finding, but not from the inter-
locutory decree.

*M. L. Brown*, for the plaintiff.
*C. W. Blood*, for the defendant.

CARROLL, J. This suit in equity is brought to recover the difference between the proceeds of a foreclosure sale of mortgaged real estate and the amount due on the mortgage note. Charles F. McClure, in 1878, gave a note for $10,000 to the executors of the will of Peter Bent Brigham, secured by a mortgage on real estate on Tremont Street, Boston. McClure died in 1914. The defendant Arabelle H. McClure, hereinafter called the defendant, is his daughter. The defendant Barlow is his administrator. The mortgage was assigned to the plaintiff in 1902. It was foreclosed in 1918. The property was bid in for $7,000, and, after deducting expenses, the balance remaining due on the mortgage note was $3,699.79.

In the years 1910 and 1912 Charles F. McClure, in recognition of the care and attention given by the defendant to her father and mother, conveyed to her all his property. These conveyances were not made in pursuance of any contract, but were voluntary on the part of the father and with the consent of all the members of the family, " because the defendant had devoted herself to caring for her parents while the other children had homes of their own elsewhere."

By deed of April 17, 1912, he conveyed to her two parcels of land in Boston, one being the real estate in question. He also conveyed to her other parcels of real estate, the net value of all the property transferred being in excess of $25,000. The plaintiff contends that these conveyances were in fraud of his creditors.

The master found that when the Tremont Street premises were conveyed, McClure was indebted to holders of notes secured by mortgages on real estate in the sum of $38,000. These mortgages, with the exception of the one on the Tremont Street property, were assumed by the purchasers of the estates; there was no evidence that they had been paid by the purchasers or were still outstanding. Except for these mortgages and " a few personal trivial matters," there was no evidence that McClure had any indebtedness; and no claim has been made on him or the defendant by any creditor except the plaintiff. The master also found that the value of the real estate conveyed as security " for the

said notes of $18,000, $5,000 and $5,000 respectively," was in excess of the mortgage notes; that the defendant and her father believed that the value of the mortgaged real estate was " in each instance, in excess of the amounts due under the notes and any probable expenses of possible foreclosure proceedings; " that, although real estate values in the South End of Boston, where the premises are situated, had been decreasing in value for nearly thirty years, at the time of the conveyance in question the Tremont Street premises were of a value in excess of $10,000 and any probable costs of foreclosure proceedings; that from March, 1911, to September 1, 1917, the interest on the mortgages in question was paid by checks signed by Miss McClure; that the clerk who gave receipts for the payment of this interest knew in the fall of 1914 that Mr. McClure was dead; that until the spring of 1918 neither the clerk nor the plaintiff's treasurer knew of the conveyances made by the father to this defendant; and that the conveyances were not made with the intent upon the part of either the father or the defendant to hinder, delay or defraud his creditors.

A voluntary conveyance made on the meritorious consideration of love and affection of a parent for his child is not as a matter of law fraudulent as to existing creditors. If the conveyance is made when a debtor is insolvent, it furnishes *prima facie* evidence of fraud; but this presumption may be rebutted and the question is one of fact and not of law. *Cook* v. *Holbrook*, 146 Mass. 66. As stated by Morton, J., in *Clark* v. *McMahon*, 170 Mass. 91, 92, where the conveyance from husband to wife through a third person was assumed to be voluntary: " It is well settled in this Commonwealth that a voluntary conveyance, ' made on the meritorious consideration of blood, or affection to a child, or as a settlement to a wife, is not, as matter of law, fraudulent and void as to existing creditors.' . . . If made by a person deeply indebted it may furnish strong presumptive evidence of fraud. But whether it is fraudulent or not is a question of fact, depending on all of the circumstances of the case. In the absence of any finding of fraud on the part of the husband, we do not see how the conveyance can be

held, as matter of law, to be void as to creditors." It was found as a fact that there was no fraud by the defendant or her father. The Tremont Street property, when the conveyance was made, was worth more than the mortgage and both the grantor and defendant believed that his real estate exceeded in value the entire mortgage indebtedness. The conveyance was not invalid. *Stratton* v. *Edwards,* 174 Mass. 374, 377.

The evidence is not before us, and the finding of the master that the father acted in good faith and that the conveyance was not fraudulent, must be sustained. *O'Brien* v. *Murphy,* 189 Mass. 353, 354.

The only objections to the master's report were to the admission of certain evidence. The exceptions to the master's report were overruled by an interlocutory decree from which no appeal was taken. The final decree was not affected by this interlocutory decree. *Fay* v. *Corbett,* 233 Mass. 403. The final decree dismissing the bill was warranted by the facts found, and it is affirmed with costs.

*So ordered.*