WARREN C. BOOTHBY & another *vs.* ANITA C. DEZOTELL
& others.

Suffolk.    March 23, 1926. — May 29, 1926.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT. JJ.

*Mortgage*, Extinguishment by discharge of obligation against which mort-
gage indemnifies. *Surety. Attachment. Fraud. Joint Tenants.*

A mortgage of real estate to an indorser for accommodation of a note of the
mortgagor "to secure the payment . . . [of the note by the mortgagor]
and in case of default . . . [of the mortgagor] in payment of principal or
interest on said note when due and payable or any renewal thereof . . .
to secure immediate payment to the grantee of all principal at the time
being secured by said note and an amount equivalent to interest due
thereon at the rate of six (6) percent per annum," is discharged when
the payee of the note accepts for it a renewal note with additional
security and at a higher rate of interest bearing the indorsement of the
mortgagee without recourse, the liability of the mortgagee upon the
note having been terminated when the renewal note was accepted; and
thereafter neither the mortgagee nor a bank to whom he has assigned the
note has a right to maintain a suit in equity based upon the mortgage.

A man who was unable to meet his obligations as they matured purchased
real estate subject to a first mortgage, giving therefor cash which was
loaned to him by his employer, secured that loan by a second mortgage,
and then took title to the real estate in the names of himself and his
wife as joint tenants. Over two years later a creditor of the man
brought an action of contract against him and in that action attached
the real estate as property of the defendant standing in the name of his
wife and thereafter, in a suit by an alleged mortgagee to establish
priority over the mortgage to the mortgagor's employer as to proceeds
of a sale in foreclosure of the employer's mortgage, by a cross bill sought
to enforce his claim as attaching creditor against such proceeds, aver-
ring that the foreclosure was fraudulent. A master to whom the suit
was referred established the debt due to the creditor but found that
the foreclosure was not shown to have been irregular or illegal. The
suit was reported to this court for determination. The bill in the main
suit having been dismissed because the mortgage to which it referred
had been discharged, it was *held* as to the cross bill, that

(1) The conveyance of the real estate to the debtor and his wife as
joint tenants, when he was insolvent, having been voluntary as to the
wife, was in fraud of the debtor's creditors, and the attachment by the
plaintiff in the cross bill was valid;

(2) The question, whether there was any surplus fund in the posses-
sion of the mortgagee who had foreclosed, was not raised by the allega-
tions of the cross bill and was not considered;

(3) An interlocutory decree was ordered under the cross bill, establishing the creditor's debt as against the debtor.

BILL IN EQUITY, filed in the Superior Court on June 28, 1922, and afterwards amended, by Warren C. Boothby and The First National Bank of Boston against Anita C. Dezotell and Bernard W. Dezotell, New York Mattress Company, Tancrede N. Cartier, West Roxbury Coöperative Bank, Isaac Simons and Francis A. East to establish upon real estate standing in the name of the defendant Anita C. Dezotell and mortgaged of record to the defendant Cartier a mortgage previously given by the defendants Dezotell to the plaintiff Boothby (called the Boothby mortgage in the opinion) and assigned to the plaintiff bank; and to order the defendants Dezotell to pay to the plaintiff bank a note averred to be secured by that mortgage.

A cross bill by the defendant East sought to establish a claim against the defendant Bernard W. Dezotell for which he had brought an action at law and had attached the interest of Bernard W. Dezotell in the real estate standing in the name of Anita C. Dezotell. The prayers of the cross bill were that the debt due East be established, that a conveyance of Anita C. Dezotell be declared in fraud of East's attachment as a creditor, that Bernard W. Dezotell's interest in the real estate be sold to satisfy East's claim, that the respondent Cartier be adjudged trustee of the difference between the amount of a mortgage foreclosed by the New York Mattress Company and $6,000, and that East be entitled to share in said $6,000 fund in order of priority of his lien.

The suit was referred to a master. Material facts found by the master are stated in the opinion. In the Superior Court, the suit was heard upon the master's report by *Morton*, J., by whom it was reported to this court for determination.

*S. W. C. Downey*, for the defendants Dezotell and others.

*F. J. Muldoon*, for the defendant East.

*F. W. Eaton*, (*C. S. Bolster* with him,) for the plaintiffs.

BRALEY, J. These cases were heard by the trial judge on the master's report, and, after making certain rulings with an order for a decree, he reported them at the request of the

defendants Anita C. Dezotell, Bernard W. Dezotell, Tancrede N. Cartier, New York Mattress Company and Isaac Simons, "such decree to be entered as equity may require."

The material facts stated in the report are as follows. Bernard W. Dezotell and Anita C. Dezotell, husband and wife, on April 2, 1919, acquired as joint tenants the real property described in the bill. It was subject to a first mortgage of $4,500, referred to in the record as the Clemmie White mortgage. To finance the purchase Bernard W. Dezotell borrowed $3,500 from his employer, the B. F. Sturtevant Company, and gave as security a second mortgage. On November 1, 1920, he borrowed from the plaintiff bank $3,500, and gave a note bearing the accommodation indorsement of the plaintiff, Boothby, an employee of the bank, to whom the Dezotells gave a mortgage of the property November 1, 1920, which was duly recorded. The provision in the mortgage was, "to secure the payment by said Bernard W. Dezotell of the principal and interest of a promissory note for Thirty-Five Hundred Dollars . . . of even date herewith signed by him payable to The First National Bank of Boston or order and indorsed by the grantee for the accommodation of said Bernard W. Dezotell and in case of default by said Bernard W. Dezotell in the payment of interest or principal on said note when due and payable or any renewal thereof, and the continuance of such default for more than six months to secure immediate payment to the grantee of all principal at the time being secured by said note and an amount equivalent to interest due thereon at the rate of six (6) per centum per annum." If the language may be somewhat ambiguous, the purpose of the mortgagors was to secure the indorsement of the grantee, Boothby.

The note to the bank becoming due on April 27, 1921, Bernard W. Dezotell gave to the bank a new note in renewal. The rate of interest on this note, which was indorsed "without recourse" by Boothby, was seven and one half per cent as contrasted with six per cent on the original note. May 9, 1921, Boothby assigned whatever rights he had in the mortgage to the plaintiff bank. The second mortgage having been assigned to the New York Mattress Company, a fore-

closure sale was held October 22, 1921, under conditions which the master finds were in conformity with G. L. c. 244, §§ 14, 15, and the defendant Tancrede N. Cartier, father of Anita C. Dezotell, was the purchaser. He held the property for less than a month, and then conveyed it to his daughter. The defendant, the West Roxbury Coöperative Bank, subsequently advanced to Bernard W. Dezotell $6,000 on a mortgage, the money being used to pay in full the Clemmie White mortgage which was assigned to the bank. This assignment, which was not recorded, is now being held for the benefit of the coöperative bank as a muniment of title. It is contended by the plaintiff bank and Boothby, that Anita C. Dezotell and Bernard W. Dezotell in the mortgage to Boothby warranted against the existence of a second mortgage referred to in the report as the Sturtevant mortgage, and the bank further contends, that it is entitled to a decree establishing its mortgage as a lien on the property subject only to the Clemmie White mortgage now held by the West Roxbury Coöperative Bank, or, if the security has been destroyed by the acts of the defendants Bernard W. Dezotell, Cartier and the New York Mattress Company, that it is entitled to a judgment against them for the value of the security of which it has been illegally deprived. The argument is pressed that, when the New York Mattress Company, the assignee of the second mortgage, foreclosed, and the father of Anita C. Dezotell purchased the property and subsequently conveyed it back to Anita, the equitable interest which Anita obtained enured to the benefit of Boothby and the bank as a result of the doctrine of estoppel by deed. *Federal Trust Co.* v. *Bristol County Street Railway*, 222 Mass. 35, 43.

The mortgage however was given by Bernard W. Dezotell and his wife Anita to secure the indorsement of Boothby. The renewal note was given April 27, 1921. It was indorsed by Boothby without recourse, and the result was, that the liability of Boothby terminated. The provision of the mortgage deed which states, that the mortgage is security for the payment of the note or any renewal thereof, means, that if Boothby's liability was the same under the new note

as it was under the old, he would still hold the mortgage as security. But the mortgage, as the master reports, was given to indemnify Boothby, and the absence of any liability on his part had the effect of extinguishing the mortgage, leaving him nothing to convey when he purported to assign the mortgage to the bank on May 9, 1921. The case of *Abbott* v. *Upton*, 19 Pick. 434, is controlling. The condition of the mortgage in that case was in substance to indemnify one Brigham against the payment of a demand note signed by him as surety. It was held that, when the principal gave a new note for a different sum with other sureties, Brigham's interest in the premises ceased, and nothing remained which would pass by his assignment. In the case at bar the rate of interest on the new note on which Boothby never became liable was increased, and additional security, the note of the Ross Machine Company as found by the master was given. It is said in Jones on Mortgages, (7th ed.) § 934, "When the surety does not become liable upon the new note, but this is taken with other securities, and the old is taken up, the condition of the surety's mortgage is saved, and consequently no interest remains in him which he can pass by assignment." We are of opinion that the effect of the renewal note, "endorsed" by Boothby "without recourse," discharged him from liability and extinguished the mortgage. The doctrine of estoppel by deed cannot be applied, and the plaintiffs have not been harmed by the defendants. *Abbott* v. *Upton, supra. Nathan Miller & Sons, Ltd.* v. *Blinn,* 219 Mass. 266, 270. *Constant* v. *Matteson,* 22 Ill. 546. *Sumner* v. *Batchelder,* 30 Maine, 35. Brandt on Suretyship & Guaranty, (3d ed.) § 362.

The property was attached by East, the plaintiff in the cross bill on July 18, 1921, as the property of Bernard W. Dezotell, although the record title was in his name and that of his wife Anita as joint tenants. The second attachment was made July 19, 1922, and Bernard W. Dezotell on his own petition was adjudicated a bankrupt August 15, 1922. The date of the filing of the petition does not appear. If it be assumed that the second attachment was dissolved as a result of the adjudication, the question is, whether the first attach-

ment was valid.   U. S. St. 1898, c. 541, § 67.   *Metcalf* v. *Barker*, 187 U. S. 165.   The contention of East is, that as Bernard W. Dezotell, who is found by the master to have been unable to meet his obligations on April 1, 1919, as they mature, took title in himself and wife as joint tenants, the transaction constituted a fraudulent conveyance as to present creditors.   The conveyance was voluntary as to the wife, and the attachment was valid.   *Dorr* v. *Tracy*, 248 Mass. 201, 205, and cases cited.   G. L. c. 223, § 42; c. 236, § 1.   East in support of his claim also contends, that the defendants conspired to destroy the attachment by a fraudulent foreclosure.   *Willett* v. *Herrick*, 242 Mass. 471, 478.   But no evidence is reported, nor are any findings made on which this charge can be sustained, and the foreclosure is not shown to have been irregular or illegal.

The question, whether there is any surplus fund in the possession of the mortgagee which can be reached by East under *Wiggin* v. *Heywood*, 118 Mass. 514, and *Bartlett* v. *Moore*, 233 Mass. 481, is not within the allegations of the bill, and we do not consider it.   *Fordyce* v. *Dillaway*, 212 Mass. 404, 411.   *Pickard* v. *Clancy*, 225 Mass. 89.   *Donohue* v. *White*, 247 Mass. 479.

A decree is to be entered dismissing the original bill with costs.   In the cross bill an interlocutory decree is to be entered establishing the debt of East against Bernard W. Dezotell for the amount found due by the master.   *Stratton* v. *Hernon*, 154 Mass. 310.   *Rosenthal* v. *Nove*, 175 Mass. 559.   G. L. c. 183, § 27.

*Ordered accordingly.*