WILLIAM J. MILLER, trustee in bankruptcy, vs. MARY ROSE
SARTORI & others.

Suffolk.    November 15, 1927. — January 6, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Equity Jurisdiction,* Conveyance in fraud of creditors. *Equity Pleading
and Practice,* Findings by judge. *Evidence,* Presumptions and burden
of proof. *Husband and Wife. Fraud.*

On an appeal from a final decree dismissing a bill in equity brought by a
trustee in bankruptcy in 1926 to have declared void a conveyance by
the bankrupt to his wife in 1921, it appeared that the judge found that
the conveyance was made by the husband on the day when a jury
were deliberating after having heard an action against him and three
others; that thereafter there was a verdict and a judgment against all
the defendants in that action, two of them paid the judgment and
obtained a judgment against the husband for less than $500, which at
all times had been his only indebtedness; and that the real estate con-
veyed was bought by him some time previous to the date of the deed to
his wife with money saved through her economy and careful manage-
ment.    It did not appear that the husband was insolvent or financially
embarrassed when he made the conveyance or that he was thereby ren-
dered insolvent.    The judge stated that he was unable to find that in
making the deed the husband had an actual intent to defraud subsequent
creditors or to avoid payment by the transfer and waiver, in case such
liability should occur, and found that the conveyance was made to
secure to the wife the home she had been instrumental in purchasing,
and that the husband undoubtedly made it to secure her from the
hazard which might result from any future liability arising from an
adverse verdict in the case referred to.    *Held,* that the findings were
not clearly wrong, and that the decree must be affirmed.

BILL IN EQUITY, filed in the Superior Court on November
11, 1926, by the trustee in bankruptcy of Joseph Sartori to
have declared void a conveyance by Sartori to the defendant,
his wife, in 1921.

In the Superior Court, the suit was heard by *Morton,* J.
Material facts found by the judge are stated in the opinion.
A final decree was entered dismissing the bill.    The plaintiff
appealed.

The case was submitted on briefs.
*H. G. Spence,* for the plaintiff.
*D. I. Rotman,* for the defendants Sartori.

SANDERSON, J. This is an appeal from a final decree dismissing a bill in equity, brought by the trustee in bankruptcy of the estate of the defendant Joseph Sartori, appointed in 1926, which seeks to set aside a conveyance of real estate from the latter to his wife, Mary R. Sartori, made in 1921, and also the execution of a waiver by Joseph Sartori, in 1924, of his right to substitute a beneficiary in a life insurance policy in the place of his wife on the ground that the deed and waiver were made in fraud of creditors.

It appears from the findings by the judge that at the time the deed was executed Sartori had no creditors. He with three others had been sued upon a claim which, on the day he made the transfer, the jury were about to decide; they rendered a verdict against him and the other defendants on that day or the day after. The verdict was reduced to a judgment and paid by two of the defendants in that action who, in December, 1925, obtained judgment against Joseph Sartori in the sum of $485.25, which at all times has been his only indebtedness.

The real estate conveyed by Sartori to his wife was bought by him some time previous to the date of the deed to her with money saved through her economy and careful management. The judge found that the conveyance was made to secure to her the home she had been instrumental in purchasing, and that Sartori undoubtedly made it to secure his wife from the hazard which might result from any future liability arising from an adverse verdict in the case referred to. The judge was unable to find that in making the deed Sartori had an actual intent to defraud subsequent creditors or to avoid payment by the transfer and waiver, in case such liability should occur. He was at the time earning good wages and saving money. He had Ponzi notes to the extent of $1,000 upon which dividends were to be paid, and there was no evidence to indicate that he did not have other personal effects. The judge found that the facts did not, in his opinion, warrant a finding of actual or legal intent to defraud creditors either by the deed or waiver, and found for the defendant. A decree was entered dismissing the bill with costs.

The facts in the case do not bring it within the principle of the decided cases in which a conveyance has been said to be presumptively fraudulent. *Dorr* v. *Tracy*, 248 Mass. 201. It did not appear that Sartori was insolvent or financially embarrassed when he made the conveyance or that he was thereby rendered insolvent.

In *Boothby* v. *Dezotell*, 256 Mass. 250, 255, the transfer was made when the debtor was unable to meet his obligations as they matured. Nothing of that kind appears in the evidence or in the findings in the case at bar. "It is well settled in this Commonwealth that a voluntary conveyance, 'made on the meritorious consideration of blood, or affection to a child, or as a settlement to a wife, is not, as matter of law, fraudulent and void as to existing creditors' . . . . But whether it is fraudulent or not is a question of fact, depending on all of the circumstances of the case. In the absence of any finding of fraud on the part of the husband, we do not see how the conveyance can be held, as matter of law, to be void as to creditors." *Clark* v. *McMahon*, 170 Mass. 91, 92. *Peter Bent Brigham Hospital* v. *McClure*, 245 Mass. 370, 372.

The evidence justified the findings made by the judge including his final finding, that there was no actual or legal intent to defraud creditors. Inasmuch as the only question open on this appeal is whether the findings of the judge were clearly wrong, the entry must be

*Decree affirmed with costs.*