COMMISSIONER OF BANKS *vs.* FREDERICK B. WALKER & others.

Suffolk.   April 7, 1937. — December 28, 1937.

Present: RUGG, C.J., FIELD, LUMMUS, QUA, DOLAN, & COX, JJ.

*Fraudulent Conveyance. Uniform Fraudulent Conveyance Law. Insolvency. Words,* "Debt," "Probable liability."

A trust company in liquidation was a "creditor" of a director whose negligence had caused losses to the bank, and the director's liability therefor, though unliquidated, was a "debt" within the meaning of G. L. (Ter. Ed.) c. 109A, § 1.

The liability of a director of a trust company for negligence, unsuspected, although existing, at the time of a gift by him, was not a "probable liability" within the meaning of G. L. (Ter. Ed.) c. 109A, § 2 (1), and did not render the gift invalid if, notwithstanding the gift, he then was solvent except for such liability.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on August 19, 1936.

The suit was heard by *Donahue,* J., upon an agreed statement of facts, and a final decree dismissing the bill was entered in accordance with his order. The plaintiff appealed.

The case was argued at the bar in April, 1937, before *Rugg,* C.J., *Field, Lummus,* & *Qua,* JJ., and afterwards was submitted to all the Justices except *Donahue,* J.

*J. G. Bryer,* for the plaintiff.

*G. L. Wilson,* (*R. B. Roberts* with him,) for the defendants.

RUGG, C.J.  The commissioner of banks in possession of the Medford Trust Company, for purposes of liquidation, brings this suit in equity against Frederick B. Walker (hereafter called the defendant) and his wife, Constance F. Walker, and their minor children under the guardianship of said Constance.  The object of the suit is to set aside a transfer of $6,000 made in March, 1930, by the defendant to his wife in trust for their three children and to apply the proceeds to the payment of his indebtedness to the plaintiff.  That money has been invested and reinvested and its proceeds are now represented by certain defined securities.  The transfer was made without any consideration other than love and affection.  The total assets of the defendant at that time did not exceed $200,000.  It is alleged that the defendant was at the time of the transfer insolvent and that therefore the transfer was fraudulent as against creditors as provided by the uniform fraudulent conveyance law, G. L. (Ter. Ed.) c. 109A, § 4.  The case was submitted on an agreed statement of facts.

The relevant facts are these: The defendant had been a director of the Medford Trust Company.  In October, 1931, the commissioner of banks took and still retains possession of the assets and business of the trust company.  In December, 1931, a suit in equity was brought by the commissioner of banks to enforce the liability of the directors of the trust company.  It was charged in those proceedings that the defendant with other directors was guilty of misfeasance and nonfeasance of his duties as director of the trust company.  It was sought in that suit to recover for losses suffered by the trust company as a result of this misconduct.  It was found in that suit that prior to 1929 the defendant and other directors of the trust company had caused to it considerable losses arising from mortgage loans negligently made.  A final decree was entered on November 5, 1935, establishing the liability of the defendant in the sum of $542,724.62.  See *Medford Trust Co.* v. *McKnight,* 292 Mass. 1.  The defendant has refused to pay that sum and has not sufficient assets to pay any substantial part thereof.  With few exceptions the liability of the defendant

was for losses sustained by the trust company by reason of loans on inadequate security negligently approved by him as a director prior to 1929. In approving such loans the defendant acted in good faith but without the exercise of reasonable care and prudence.

In 1929 the defendant was interested in five coal companies, which he sold for $90,000 in cash, and became treasurer of a coal company with an annual salary of $17,500 for a period of three years. In March, 1930, he transferred to his wife $6,000 to be held in trust equally for his three young children. When he made this gift his estate was solvent except for his liability to the trust company because of his negligence as a director in approving the loans, made prior to 1929, losses from which form the basis of the decree to which reference has been made. The parties agree that if the liability of the defendant "because of said loans made prior to 1929, which liability was adjudicated by the decree of November 5, 1935, was his probable liability on a debt at the time the transfer of $6,000 was made to his wife, he was then insolvent. He believed himself, however, at the time he made these transfers to be solvent and had no reason to believe that he was insolvent. If his liability to the bank because of the loans made prior to 1929 was not his probable liability on a debt at the time of the transfer, he was not rendered insolvent by the gift in question."

The findings and rulings made by the single justice were as follows:

"The determination whether a person is 'insolvent' at a given time, within the meaning of the statute (§ 2), requires a balancing of the value of his assets at that time against the amount that would be required to pay his 'probable' liability on his existing debts. It is here agreed that if Walker's liability to the trust company because of loans made prior to the year 1929 was not a probable liability on a debt at the time the gifts were made he was not thereby rendered insolvent.

"The words 'probable liability' appearing in the statute I take to mean what a reasonable man knowing the facts

as they then, or had, existed, would say was 'probable' liability as distinguished from 'possible' liability.

"The liability of Walker as fixed by a decree entered five years after the gifts were made was based not on any lack of good faith as director of the trust company but on a lack of care. It is agreed that at the time of the gifts he had no reason to believe that he was insolvent. On all the agreed facts and such inferences therefrom as are warranted I find that in 1930 there was not a 'probable' liability of Walker to the trust company within the meaning to be given to the language of the statute."

The single justice found that the defendant was not insolvent at the time of the transfer and caused to be entered a final decree dismissing the bill. The plaintiff appealed from that decree.

The plaintiff seeks to set aside the transfer in question under the provisions of G. L. (Ter. Ed.) c. 109A. Unquestionably the trust company was a "creditor" of the defendant within the meaning of that term in § 1, viz.: " 'Creditor' is a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent." *Cunningham* v. *Commissioner of Banks*, 249 Mass. 401, 429. *Prudential Trust Co.* v. *McCarter*, 271 Mass. 132, 138. *Medford Trust Co.* v. *McKnight*, 292 Mass. 1, 37. The defendant owed to the trust company a "debt" within the meaning of that word as defined in § 1 of said c. 109A: " 'Debt' includes any legal liability, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent." While no case has arisen discussing the meaning of the word "debt" as used in this statute, there are decisions which in other connections indicate that the word "debt" is sufficiently broad in import to embrace the claim here in issue. *Proprietors of Mill Dam Foundery* v. *Hovey*, 21 Pick. 417, 455. *Gray* v. *Bennett*, 3 Met. 522, 526. *Bowen* v. *Hoxie*, 137 Mass. 527, 531. *Woodbury* v. *Sparrell Print*, 187 Mass. 426, 429. *Boston* v. *Turner*, 201 Mass. 190. *French* v. *Bray*, 263 Mass. 121, 123. *Union Market National Bank of Watertown* v. *Gardiner*, 276 Mass. 490, 494. We are of opinion that the liability of the

defendant to the trust company arising from his negligent conduct as a director was a "debt" within the meaning of that word in the governing statute. The amount of that liability determined in November, 1935, cannot rightly be said to be a probable liability existing when the transfer was made in 1930.

It is clear that the gift of $6,000 by the defendant to his wife was a "conveyance" as defined in said § 1. Further provisions are in §§ 2 and 4, which are in these words:

"Section 2.   (1) A person is insolvent within the meaning of this chapter when the present fair salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured. . . . Section 4.   Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."

It is to be observed that the words of § 4 do not require proof of actual intent to defraud. It has not been contended that love and affection constitute "a fair consideration" as defined in § 3 of said c. 109A. It has not been argued that the transfer was made with actual intent to defraud so as to fall within the terms of § 7 of that chapter. *Service Mortgage Corp.* v. *Welson,* 293 Mass. 410. The question to be decided is whether the "debt" of the defendant to the trust company was a "probable liability on his existing debts as they become absolute and matured." The time as of which this question is to be determined is the time of the transfer of the $6,000 by the defendant in 1930. Stated in another way, the question is whether the assets of the defendant, which at the crucial time did not exceed $200,000, were less than would be required to pay his "probable liability" on the unliquidated claim of the trust company. The agreed facts mean that the "present fair salable value of" the assets of the defendant at the time of the transfer of the $6,000 was in the vicinity of $200,000. He was receiving a substantial salary. He knew nothing about his

liability to the trust company. He had acted in entire good faith with respect to the loans. No one, in 1930, suspected or had reason to apprehend the existence of liability to the trust company on account of his approval of loans. "Probable cause" in connection with malicious prosecution and false arrest has been held to mean such grounds as would warrant a reasonably prudent man in believing a party guilty. *Bacon* v. *Towne*, 4 Cush. 217. *Mitchell* v. *Wall*, 111 Mass. 492. *Wax* v. *McGrath*, 255 Mass. 340. A liability which is unlikely under the circumstances to occur is not a probable liability. *Dunham* v. *Cades*, 115 N. J. Eq. 290. *Peter Bent Brigham Hospital* v. *McClure*, 245 Mass. 370. An obligation which could not have been reasonably anticipated is not a probable liability. *Scriggins* v. *Thomas Dalby Co.* 290 Mass. 414, 421. The suit against the defendant to enforce his liability as a director of the trust company appeared to be so remote in 1930 that it could hardly have been regarded as reasonably probable to occur. It did not have the appearance of being at all likely to come to pass. *Chamberlin* v. *Wagar*, 272 Mich. 594. *Dammers* v. *Croft*, 111 N. J. Eq. 462, 464. *Federal Reserve Bank of Philadelphia* v. *Godfrey*, 120 N. J. Eq. 203. *Barrett* v. *Green River & Rock Springs Livestock Co.* 28 Wyo. 379. *Smith* v. *Poppen*, 57 S. D. 25.

Whether one is insolvent at a given time is usually a question of fact. The finding of the single justice is unequivocal against the insolvency of the defendant so far as it is a question of fact. His finding is supported by the agreed statement of facts and the inferences of which it is reasonably susceptible. The ruling of law of the single justice on the facts found is free from error.

*Decree affirmed with costs.*