HENRY M. PITT, administrator, *vs.* JENNIE M. BROUTHERS & others.

Berkshire.     September 11, 1917. — October 23, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Fraud,* As against creditors.  *Equity Jurisdiction,* To set aside conveyance in fraud of creditors.

In a suit in equity brought in the name of an administrator for the alleged benefit of the creditors of the plaintiff's intestate to set aside a certain conveyance of

real estate as having been made in fraud of creditors, the trial judge confirmed a finding by a master that the intestate had no actual intention of defrauding his creditors by the conveyance, and refused to confirm a finding of the master that the intestate was insolvent at the time he made the conveyance. It appeared that when the intestate made the conveyance his only debts were for taxes of less than $2,400, which had not yet become payable, and a debt of $6,000 which the conveyance sought to be set aside was made to secure, and that the intestate had life interests in real estate from which he received from $600 to $700 a month and which, estimated by the accepted life tables, were worth at that time more than $50,000. *Held,* that the trial judge was right in finding that the intestate was not insolvent when the conveyance in question was made, and that the facts disclosed no fraud in fact or in law.

BILL IN EQUITY, filed in the Superior Court on April 2, 1915, by the administrator of the estate of William P. Burbank, late of Pittsfield, for the alleged benefit of the creditors of the plaintiff's intestate, alleging that on July 1, 1913, the plaintiff's intestate owned the beneficial interest in a certain farm in Pittsfield, the legal title to which stood in the name of Alfred C. Pitt, also of Pittsfield, and that the plaintiff's intestate, then being insolvent, in fraud of his creditors caused Alfred C. Pitt to convey the farm to the intestate and the defendant, then Jennie M. Burbank, now Jennie M. Brouthers, as tenants by the entirety, whereupon the intestate and the defendant now Jennie M. Brouthers jointly made a mortgage of the farm to Alfred C. Pitt for $6,000; praying that the interest of the intestate in the farm might be conveyed to the plaintiff to apply for the benefit of the creditors of the intestate's estate.

The case was referred to a master, who filed a report containing the findings stated in the opinion.

The case was heard by *Fox,* J., upon the plaintiff's exceptions to the master's report. The judge made an interlocutory decree overruling the plaintiff's exceptions to the master's report and ordering that the master's report be confirmed "except as to the finding that William P. Burbank was insolvent on July 1, 1913."

Later by order of the same judge a final decree was entered ordering that the bill be dismissed with costs to the defendants in the sum of $18.49. The plaintiff appealed.

The case was submitted on briefs.

*J. F. Noxon & M. L. Eisner,* for the plaintiff.

*T. F. Cassidy & P. J. Ashe,* for the defendants.

DE COURCY, J. On July 1, 1913, William P. Burbank, the

plaintiff's intestate, owned a life estate in two business blocks in Pittsfield, from which he was receiving a net monthly rental of between $600 and $700. He also had the equitable ownership in a farm worth $16,000, and owed Henry M. Pitt (in whose brother's name the title stood) $6,000 for money advanced to take up three prior mortgages on the farm. No finding was made of the amount of his personal property. His only indebtedness was this $6,000 and the taxes on the city lots for $2,363.40, which would become payable on October 1, 1913.

On said July first Burbank caused the farm to be conveyed to himself and his wife Jennie M. Burbank (now Jennie M. Brouthers) as tenants by the entirety; and they executed a mortgage thereon in favor of Alfred C. Pitt, for $6,000, to secure the above mentioned debt. Burbank was sixty-seven years of age at the time, and in good health. He died on October 17, 1913, without having paid the taxes, and, as his death terminated both his life estate in the city lots and his interest in the farm, his estate became insolvent and was so represented. The remaindermen were compelled to pay the taxes, and have brought this bill in the name of the administrator against Burbank's widow, seeking to set aside the conveyance of the farm as a fraud upon Burbank's creditors.

The master expressly found that "in the transactions of July 1, 1913, Burbank had no actual intention of thereby defrauding his creditors." His further finding that Burbank was insolvent at the time was based on the fact that he was liable for the taxes assessed on April first. But, as stated by the trial judge, in refusing to confirm this finding, "it is plain that the master in casting up Burbank's assets and liabilities failed to take into account his life estate, which was worth at that time, according to the accepted tables more than $50,000." It already appears that this estate was annually yielding him more than $7,000 at the time of the deed complained of; and his only liability was a tax of less than $2,400, not yet demanded or payable. It is not suggested that he intended to contract future debts. The trial judge was right in finding that William P. Burbank was not insolvent on July 1, 1913, when the conveyance of the farm was made. The undisputed facts disclose no fraud in fact or in law, and there was no error in overruling the plaintiff's exceptions and dismissing the bill.      *Decree affirmed with costs.*