NEWTON MORTGAGE CORPORATION *vs.* GUSTAV B. NISSEN
& others.

JOHN F. MILLER *vs.* GUSTAV B. NISSEN & others.

Suffolk.  May 10, 1932. — September 14, 1932.

Present: RUGG, C.J., WAIT, FIELD, & DONAHUE, JJ.

*Equity Pleading and Practice*, Appeal; Master: findings, exceptions to
report; Decree; Waiver of defence.  *Equity Jurisdiction*, Convey-
ance in fraud of creditors.  *Waiver*.

Where three parties defendant affected by a final decree in a suit in
equity appeal therefrom but only one appears in this court either to
argue or to file a brief, the appeals of the other two must be taken to
have been waived.
Where a defendant appealing from interlocutory and final decrees in
a suit in equity makes but one contention before this court, all other
questions raised by his appeals must be taken to be waived.
In a suit in equity to reach and apply in satisfaction of a debt owed the
plaintiff an interest of the defendant in corporate stock alleged to
have been conveyed to his wife in fraud of creditors, a master found
that such fraudulent conveyance was made, but made no finding that
the debtor was insolvent when he made it, although he found that at
that time he was in debt and had no other property which could be
reached by attachment, and that the purpose of the assignment was
to hinder his creditors.  From a final decree for the plaintiff, the wife
appealed.  *Held*, that, while an assignment to a wife without other
consideration than love and affection cannot be held as a matter of
law to be fraudulent without evidence of other facts, the other facts
found by the master warranted his finding of fraud and the final
decree.

TWO BILLS IN EQUITY, filed in the Superior Court on
January 23, 1931, and March 14, 1931, respectively, and
described in the opinion.

The suits were referred to the same master.  Facts
found by him, interlocutory decrees, an order of consoli-
dation and a final decree, entered by order of *Fosdick*, J.,
as well as the appeals filed therefrom, are described in the
opinion.

*J. E. Macy,* (*G. B. Nissen* with him,) for Esther A. Nissen.

*W. M. Noble,* (*J. F. Miller* with him,) for Newton Mortgage Corporation and another.

*A. M. Chandler,* for Posse-Nissen School of Physical Education and others.

WAIT, J.    The material facts in the cases are as follows: The defendant Gustav B. Nissen on and prior to October 25, 1926, with Harry Nissen, Fridtjof N. Nissen and Oscar S. Nissen owned all the capital stock issued by the Posse-Nissen School of Physical Education, a corporation organized under the laws of Massachusetts.    Each owned fourteen shares individually.    A voting trust was formed with Harry and Fridtjof Nissen as the trustees.    To this trust each conveyed his shares and received a trust certificate.    The shares and certificate of each are valued at more than $5,000. On July 24, 1928, Gustav B. Nissen pledged his stock and trust certificate with the trustees as security for loans made or to be made to him by the corporation.    Loans have been made from time to time amounting at the date of the decree to $1,425.38 which with interest is due the corporation and for which it holds the shares and trust certificate as security.    A by-law of the corporation of which Gustav B. Nissen had no actual knowledge at the time of the assignment later mentioned required that a holder of shares or trust certificate desiring to sell must first offer them to the stockholders of the corporation.    Neither stock nor certificate bore on its face notice of this requirement, nor was such provision set out in the articles of association.    On September 11, 1930, Gustav B. Nissen executed an assignment of his right, title and interest in ten shares of his stock to Hugo J. Anderson subject to the rights of the corporation under the earlier collateral agreement, without consideration, as a conduit to vest a one-half interest in his wife Esther A. Nissen, and on the same day Anderson assigned the ten shares to Gustav and Esther jointly. Notice was given the corporation of the transfer to Anderson, but no notice was given to it of the transfer by Anderson.    No offer of the stock to the corporation was made by either Gustav Nissen or Anderson.    In so assigning Gustav

B. Nissen intended and designed to place his interest beyond the reach of his creditors and at the time had actual knowledge of the existence of claims approximating $4,000 actively pending against him. The four shares retained by him had then no ready marketable value because encumbered by the pledge to the corporation. The fourteen shares represented by the trust certificate were of a value substantially in excess of $5,000. No transfer was made on the books of the corporation. Gustav B. Nissen had no other property that can be come at to be attached.

Miller brought a bill to reach and apply Gustav B. Nissen's interest in payment of debts due from him on a judgment which had remained unsatisfied more than thirty days, and upon an obligation to reimburse Miller for money paid on Nissen's behalf. This bill was filed March 14, 1931. It made the corporation, Harry and Fridtjof N. Nissen as trustees, Esther A. Nissen and Hugo J. Anderson parties defendant with Gustav B. Nissen. It alleged that the assignment to Anderson was in fraud of creditors of Gustav Nissen, made to hinder and delay them and without consideration, and that the assignment to Esther A. Nissen was for the same purpose, also without consideration. The Newton Mortgage Corporation also brought a bill in equity to reach and apply Gustav B. Nissen's interest in ten or more shares of the corporation in payment of a claim for rent alleged to be due from him, on the ground that he had no property which could be come at to be attached. This bill was filed January 23, 1931. It alleged the pledge to the corporation, and the assignment to Anderson of his remaining interest which it alleged to be without consideration and made for the purpose of placing the property beyond the reach of creditors so that Anderson had no valid interest in the shares. It further alleged the facts of the conveyance to the voting trust. It made Gustav B. Nissen, the corporation, Harry and Fridtjof N. Nissen as trustees, and Anderson, defendants.

In the Newton Mortgage Corporation case the defendants filed separate answers. In the Miller case Gustav B. Nissen, Esther A. Nissen and Anderson joined in one answer, while

the other defendants answered separately.  No demurrer was filed in either case.

The cases were referred to the same master who filed separate reports in which he found stated sums due the plaintiffs and further found the same facts in regard to the ownership and dealings by Gustav B. Nissen with the stock and his interest in it.  Exceptions to the reports were filed by Gustav B. Nissen on behalf of himself, his wife and Anderson.  These exceptions were overruled and, in the same behalf, he claimed appeals from the interlocutory decrees confirming the reports.  Motions by the plaintiffs for final decrees came on to be heard.  The presiding judge, of his own motion, found that the causes had been heard together by the same master, "that the reports of the master which have been confirmed are practically identical so far as they relate to the property sought to be reached by the respective plaintiffs" and "that it would be of advantage to all parties in interest that both cases should be consolidated for the purpose of entry and enforcement of final decree," and ordered that the causes be consolidated and final decree relating to the cases so consolidated be entered in the Miller case.  Gustav B. Nissen, Esther A. Nissen and Anderson appealed from the interlocutory decree so ordering.

Final decree was entered in the Miller case, establishing the amounts due with interest to the several plaintiffs and ordering payment, and further finding Gustav B. Nissen owner in his own right of fourteen shares in the stock of the corporation and of the certificate of deposit representing them subject to the corporation's claim for $1,425.38 and interest.  It further ordered that, if payment were not made within a fixed time, a special master therein appointed be directed to sell in a specified way, all the right, title and interest, legal and equitable of Gustav B. Nissen in the fourteen shares and in the certificate of deposit representing them (with appropriate orders for execution by Nissen of necessary instruments to vest title in the purchaser, or if Nissen neglected so to do for execution of such instruments by the special master), and directed the application of the

proceeds of such sale. From this decree appeal was taken by Gustav and Esther Nissen and Anderson.

Neither Gustav B. Nissen nor Anderson argued or filed a brief in this court. So far as they are concerned their appeals must be taken to be waived.

Esther A. Nissen contends that there is error in the interlocutory and final decrees. It is to be noted that she was not named as a party in the bill of the Newton Mortgage Corporation, and that no allegations in regard to her appear in that bill. The answers of Gustav B. Nissen and of Anderson set out the assignment of a joint interest in ten fourteenths of Nissen's interest (or in ten shares in the stock as found by the master) to Esther A. Nissen; but no steps to make her a party appear. The master's report in that cause refers to the transfer to her by Anderson and finds it to have been without consideration and for the purpose of hindering her husband's creditors. The objections claimed to that report apparently name her as a respondent, and she joins in objecting, but no objection is based upon the failure to make her a party and no reference is made to that subject. If we assume that she has a right to be heard now in the case of the Newton Mortgage Corporation, she raises no question with regard to the order of consolidation and we must treat all objections not argued or stated in her brief as waived. Her sole contention is to the finding of the master that the conveyance to Anderson and through him to herself was without consideration and invalid as in fraud of his creditors. The evidence is nowhere reported. The rule of law is clear that no exception based upon the ground that a finding of fact by a master is unsupported can be sustained where the evidence is not reported and is not clearly inconsistent with reported facts. *Volpe* v. *Sensatini*, 249 Mass. 132. All the exceptions claimed to both reports were of this nature. They were overruled properly. There is nothing in the appeals from the interlocutory decrees overruling them and confirming the reports.

We see no error in the order for consolidation. *Lumiansky* v. *Tessier*, 213 Mass. 182, 189. As already stated if there were any it has been waived.

Nor do we find error in the final decree.  The provision for offer of the stock to the corporation was for its benefit.  It is a party in both bills.  It raised no question in regard to failure to comply with the by-law.  It has taken no appeal, and, before this court, has argued that the decrees should be affirmed.  This question is not open.  It is true that the master made no general finding that Gustav B. Nissen was insolvent when he made the assignment to Anderson, but in view of the finding that the purpose of the assignment was to hinder his creditors it is immaterial.  Other findings show that he was in debt at the time, and had no other property which could be reached by attachment.  That an assignment is to a wife or for her benefit is merely one of the elements to be considered in determining whether it is fraudulent.  As was said in *Miller* v. *Sartori*, 262 Mass. 211, 213, "whether it is fraudulent or not is a question of fact, depending on all of the circumstances of the case." An assignment to a wife without other consideration than love and affection cannot be held as a matter of law to be fraudulent without evidence of other facts.  If, however, other facts such as are found here appear the fact that the grantee or beneficiary is the wife of the grantor does not prevent setting aside the conveyance.  *Dorr* v. *Tracy*, 248 Mass. 201.  Nothing in the cases cited by the appellant, *Pitt* v. *Brouthers*, 228 Mass. 298, *Gurney* v. *Tenney*, 226 Mass. 277, and *Gately* v. *Kappler*, 209 Mass. 426, sustains her contention.  On the contrary in principle they sustain our decision.

*Decrees affirmed.*