MARY P. CARANGIAS *vs.* THE MARKET MEN'S RELIEF
ASSOCIATION, INC.

Suffolk. December 5, 1935. — January 28, 1936.

Present:· RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Practice, Civil,* Default or nonsuit before the Supreme Judicial Court,
Report.

The general rule that when a party in an action at law is called and
nonsuited or defaulted in this court, the decision below is to be affirmed
by rescript without opinion, applies to a case which comes up on
report under G. L. (Ter. Ed.) c. 231, § 111.

CONTRACT. Writ dated January 30, 1931.

The action was tried in the Superior Court before *F. T. Hammond,* J.

*D. A. Foley & Jeremiah· J. Sullivan,* for the defendant,
submitted a brief.

No argument nor brief for the plaintiff.

RUGG, C.J. This is an action of contract by the plaintiff
to recover on a certificate of membership issued to her
husband in the defendant. The plaintiff was named as
beneficiary in the certificate. The husband died on Janu-
ary 12, 1931. At the close of the evidence the defendant
filed a motion for a directed verdict. The motion was
allowed and a verdict was directed for the defendant upon
the agreement of counsel that the case be reported to this
court, and that, if the order directing the verdict was
right, judgment should be entered for the defendant; if
the order directing the verdict was wrong, judgment should
be entered for the plaintiff for a specified sum.

When the case was reached for argument at the bar of
this court on December 5, 1935, it appeared that the plain-
tiff had filed no brief, and in response to notices from the
clerk of the court no communication had been received by
him. The plaintiff was thereupon called and nonsuited.
She was not in court. No attorney represented her. It is
required by Rule 2· of the Rules for the Regulation of

Practice before the Full Court (1926) that each party to a case for argument shall prepare and file a brief.

Question has arisen in our minds as to the proper procedure in these circumstances. It is the general rule, both at law and in equity, that this court does not consider questions of law which are not argued by a party. *Forbes v. Thorpe*, 209 Mass. 570, 578. *Commonwealth v. Dyer*, 243 Mass. 472, 508. *Mullen v. Board of Sewer Commissioners of Milton*, 280 Mass. 531, 537. Commonly, when a party is called and either nonsuited or defaulted, the decision below is affirmed by rescript without opinion. The case at bar came before us, not on exceptions or by appeal but on report. In *First National·Bank of Grafton v. Babbidge*, 160 Mass. 563, at page 565, it was said: "This case comes up on a report, and although the defendants do not appear to argue the question presented, we have considered it." The question there presented was novel and somewhat difficult. Whatever may have been the grounds for considering the question, it cannot be thought that the court decided that it was required to consider and decide it merely because it came up by report. The same is true of *Tremont Trust Co. v. Noyes*, 246 Mass. 197, 205, except that the rights of the defendant not there arguing were interwoven with those of a defendant in whose behalf an argument was made. It is a general principle that the court undertakes to prevent any miscarriage of justice so far as permissible under the law. *Noyes v. Noyes*, 224 Mass. 125, 134. *Anderson v. Beacon Oil Co.* 281 Mass. 108, 110. But the court ought not to be burdened with the unnecessary investigation of questions of law. There is nothing in the phraseology or the history of G. L. (Ter. Ed.) c. 231, § 111, as to the report of actions at law where there has been a finding or verdict which requires a different procedure from that prevailing with respect to a bill of exceptions or an appeal. We think, therefore, that no opinion on the merits is required in the case at bar.

It follows that, on the nonsuit of the plaintiff, judgment is to be entered for the defendant.

*So ordered.*