IDA CALICCHIA SOSCIA *vs.* SALVATORE J. SOSCIA.

Bristol.    October 28, 1941. — December 29, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Probate Court, Report. Supreme Judicial Court, Waiver. Waiver.*

A proceeding in a Probate Court for annulment of marriage, in which the evidence was not taken by a stenographer, was properly before this court on a report by the judge under G. L. (Ter. Ed.) c. 215, § 13, in which he stated that he found the libellant entitled to a decree if the court had jurisdiction and that he reserved and reported the question of jurisdiction.

Where neither party to a proceeding for annulment of marriage in a Probate Court presented a brief or oral argument in this court after entry herein of a report by the judge under G. L. (Ter. Ed.) c. 215, § 13, of the question of the court's jurisdiction with a statement that he found the libellant entitled to a decree if there was jurisdiction, each party must be taken to have waived any rights under the report and, since it did not appear that failure of this court to decide the question reported would result in a miscarriage of justice, the report was dismissed and the case was remanded to the Probate Court.

LIBEL, filed in the Probate Court for the county of Bristol on December 19, 1939.

The case was heard by *Hitch*, J.

No argument nor brief by either party.

FIELD, C.J.    This libel for annulment of marriage was brought in the Probate Court for the county of Bristol. G. L. (Ter. Ed.) c. 207, § 14; c. 208, § 6.    The libellee appeared by counsel and pleaded lack of jurisdiction.

The judge filed a report in which he stated: "This is a libel for annulment of marriage.    It was heard as an uncontested case.    The parties were married at Seekonk, in the county of Bristol, on July 1, 1939.    Neither party had a domicile in this Commonwealth, either at the time of said marriage or of the filing of said libel, or at any other time. I heard the evidence and find that the petitioner is entitled to maintain her libel and have a decree entered in accordance with the prayer of said libel that said marriage be declared and is null and void, provided however, that this court has jurisdiction to hear said libel.    Being in doubt as to the jurisdiction of the court to entertain or pass on said libel, in view of the fact that neither of the parties have [*sic*] ever had a domicile in this Commonwealth, I hereby reserve and report the question of law involved to the Supreme Judicial Court for its determination."    The evidence is not reported.    The case has been entered in this court.

The case was before the judge "for final determination," and by G. L. (Ter. Ed.) c. 215, § 13, he was authorized without such determination to "reserve and report the evidence and all questions of law therein for consideration of the full court, and thereupon like proceedings shall be had as upon appeal."    It does not appear that the evidence was taken by a stenographer.    See G. L. (Ter. Ed.) c. 215, § 18.    We treat the case, therefore, as rightly before us on the report.    See *French* v. *Brooke*, 241 Mass. 315, 316; *Cook* v. *Howe*, 280 Mass. 325, 327; *Dexter* v. *Dexter*, 283 Mass. 327, 328; *Cronan* v. *Cronan*, 286 Mass. 497, 499; *Jones* v. *Jones*, 297 Mass. 198, 200.

The proceedings in a case so reported are by statute the same as upon an appeal.    So far as appears, neither party has taken any action in this case since it was entered in

this court. There has been no brief filed and no argument by either party. It is a general principle that the court ordinarily "spends no time in the elucidation of matters not deemed by those in interest as worthy of their own reasoning faculties." *Commonwealth* v. *Dyer*, 243 Mass. 472, 508. The fact "that their right to present their contentions here was saved to them by a report . . . does not require a different procedure from that prevailing with respect to a bill of exceptions or an appeal." *Kay* v. *Audet*, 306 Mass. 337, 338. See also *Quincy Oil Co.* v. *Sylvester*, 238 Mass. 95, 97. In these cases the court was speaking of specific matters that might be thought to be presented by the record. But the principle is applicable with equal or greater force where no argument whatever, by brief or orally, is made upon the case as a whole by an appealing party. In such a case an appealing party is deemed to have waived all rights under his appeal. *American Agricultural Chemical Co.* v. *Robertson*, 273 Mass. 66, 76. *Madden* v. *Madden*, 279 Mass. 417, 424. *Newton Mortgage Corp.* v. *Nissen*, 280 Mass. 267, 271. *Olson* v. *Carpenter*, 296 Mass. 120, 125.

In *First National Bank of Grafton* v. *Babbidge*, 160 Mass. 563, 565, where the court below had ruled that the plaintiff was entitled to a verdict, this court said that the "case comes up on a report, and although the defendants do not appear to argue the question presented, we have considered it." But in *Carangias* v. *Market Men's Relief Association, Inc.* 293 Mass. 284, 285, where a verdict was directed for the defendant, the court said, with respect to this statement in the *First National Bank of Grafton* case: "Whatever may have been the grounds for considering the question, it cannot be thought that the court decided that it was required to consider and decide it merely because it came up by report." The court, however, recognized that in some circumstances it would consider such a question in order to prevent miscarriage of justice. See *Boston* v. *Dolan*, 298 Mass. 346, 355–356. This court said further in the *Carangias* case: "There is nothing in the phraseology or the history of G. L. (Ter. Ed.) c. 231, § 111, as to the

report of actions at law where there has been a finding or verdict which requires a different procedure from that prevailing with respect to a bill of exceptions or an appeal."

With respect to the consideration of questions coming up on a report, we find no sound ground for distinguishing a report under G. L. (Ter. Ed.) c. 215, § 13, under which the present case was reported, from a report of an action at law under G. L. (Ter. Ed.) c. 231, § 111, where there has been a finding or verdict. Since, in the present case, reported under G. L. (Ter. Ed.) c. 215, § 13, there has been no final determination in the court below, the duty, so far as appears, still rests, as it did there, upon the libellant to prosecute the case. The duty of taking the necessary steps for the entry of a report in this court, including ordering the preparation of the necessary papers, is, by G. L. (Ter. Ed.) c. 231, § 135, expressly imposed upon the "plaintiff or . . . the party at whose request . . . [the case] is reserved or reported." See also § 133. By G. L. (Ter. Ed.) c. 214, § 19, the completion of an appeal in equity is governed by G. L. (Ter. Ed.) c. 231, § 135; by G. L. (Ter. Ed.) c. 214, § 31, provision is made for a report of a suit in equity by a "justice of either court [the Supreme Judicial Court or the Superior Court] by whom a case is heard for final decree," and upon such a report "like proceedings shall be had as upon appeals from final decrees"; by G. L. (Ter. Ed.) c. 215, § 9, upon an appeal from a decree of the Probate Court the Supreme Judicial Court has "like powers and authority in respect thereto as upon an appeal in a suit in equity under the general equity jurisdiction"; by G. L. (Ter. Ed.) c. 215, § 10, the preparation of papers in an appeal from a· decree of the Probate Court is, by express provision, governed by G. L. (Ter. Ed.) c. 231, § 135; and by G. L. (Ter. Ed.) c. 215, § 13, upon a report by a judge of the Probate Court "like proceedings shall be had as upon appeal." It is obvious, therefore, that the provision herein quoted from G. L. (Ter. Ed.) c. 231, § 135, is applicable, not only to a report without decision under G. L. (Ter. Ed.) c. 231, § 111, but also to a similar report under G. L. (Ter. Ed.) c. 215, § 13. If the duty to

take these steps rests upon the party in the position of a plaintiff — here the libellant — or the party at whose request the case is reported, the further duty of prosecuting the case by argument, orally or by brief, also rests upon that party, and if that party fails so to prosecute he waives his rights under the report, as he would have waived his rights under an appeal by him, by failing to argue it in this court by brief or orally. There is nothing in the present case to indicate that the libellee requested the report, so as to take the case out of the ordinary principle that the party in the position of plaintiff — here the libellant — is required to take the necessary steps to prosecute the case in this court upon the report. This, however, is unimportant, for neither party has prosecuted the case in this court by argument, orally or by brief.

It is true that the statement of principle in the *Carangias* case in terms applies only to a report under G. L. (Ter. Ed.) c. 231, § 111, "where there has been a finding or verdict," but as in that case there had been a verdict a broader statement was not required. But the statement in that case does not imply that the principle does not apply also to a report under § 111 "without decision" — meaning a "decision of the issue of law raised at the trial." *Atlantic Maritime Co.* v. *Gloucester*, 228 Mass. 519, 521. Nor does this statement imply that the principle does not apply to a report of a suit in equity under G. L. (Ter. Ed.) c. 214, § 31, without final determination, or to a like report under G. L. (Ter. Ed.) c. 215, § 13, by a judge of the Probate Court. We think that principle is equally applicable to such reports. Such reports differ from a report where there has been a verdict or finding, in that a final disposition of the case cannot be made so readily as where there has been a finding or verdict in the court reporting the case. In such a case nothing remains to be done but to enter a judgment upon the finding or verdict. It might not always be in the interest of justice to order a proceeding in the court reporting the case dismissed on the ground that the case was not prosecuted in the Supreme Judicial Court on the report. But this distinction does not affect the prin-

ciple that a party cannot as of right obtain a decision of this court without aiding this court by argument, orally or by brief, in reaching such a decision. The party upon whom rests the duty of prosecuting the case in this court is not entitled to a decision if such party does not prosecute the case here. The libellant in the present case must be taken to have waived her rights under the report, as must the libellee if he had any such rights.

It is not apparent upon inspection of the record of the case that the failure of this court to decide the question reported will result in a miscarriage of justice, so that this court should decide the question without argument by either party. The libellant seeks annulment of marriage in a Probate Court that neither under any clear statutory provision nor under any affirmative decision of this court has jurisdiction of the libel. Though the parties were married in this Commonwealth, neither of them was at any time domiciled in this Commonwealth. See G. L. (Ter. Ed.) c. 207, § 14; c. 208, §§ 4, 5; Am. Law Inst. Restatement: Conflict of Laws, §§ 111, 115; 1 Beale, Conflict of Laws, §§ 115.1, 115.2. Compare *Hanson* v. *Hanson*, 287 Mass. 154, 156–157; *Levy* v. *Levy*, 309 Mass. 230, 233. While we express no opinion upon the question of law reported, the libellant is seeking the exercise of a jurisdiction which, at best, is so highly doubtful that she may fairly be required to present argument for the exercise thereof. And the record does not show that there is not a forum elsewhere available to her for the prosecution of such a libel. That question may involve matters of fact. But, in any event, it involves a question of law closely related to the question of law presented by the report. There is no greater reason for determining the incidental question without argument than for so determining the primary question.

Without deciding whether in such a case this court may order the libel dismissed for want of prosecution, we merely order the report dismissed and remand the case to the Probate Court.

*Ordered accordingly.*