*Municipal Court of the City of Boston*

No. 349535

**FREEMAN BAILEY**

v.

**JORDAN MARSH COMPANY**

(July 13, 1953)

*Gillen, J.* This is an action of contract in two counts for breach of an implied warranty of fitness

of a step-ladder purchased by the plaintiff from the defendant. The answer is a general denial and allegation of contributory negligence.

At the trial there was evidence tending to show the following:

The plaintiff, on September 23, 1951, while using a six-foot wooden step-ladder he had purchased from the defendant, was caused to fall and sustain bodily injuries when it collapsed. He had previously used it a few times. At the time of the accident, he was standing on the fourth step from the bottom, there being six steps in all including the top platform of the ladder. The cause of the ladder's collapse was the breaking off of one of its legs about one foot from the bottom.

A day or two after the accident the plaintiff called the defendant's store and told its representative that the ladder had broken while he was on it and that he thought it ought to replace it. Subsequently, someone from the defendant's store came to the plaintiff's home, in his absence, left a new ladder for him and took away the damaged ladder which bore a tag indicating that it was purchased of the defendant. The broken piece of the ladder was not taken away and no one from the defendant's store asked for it.

There were no visible indications that the ladder was defective nor could any defect be found upon inspection prior to the happening of the accident. The broken portion of the ladder was an exhibit.

At the close of the evidence and before final arguments, the defendant duly presented requests for rulings, which, with the court's action thereon were as follows:

1. The evidence does not warrant a finding for the plaintiff on Count I of his declaration. *Denied.*
2. The evidence does not warrant a finding for the plaintiff on Count II of his declaration. *Denied.*
3. The evidence does not warrant a finding that the defendant was negligent. *Denied inapplicable. Action*

*is one for breach of implied warranty. I find warranty was breached.*

4. The evidence warrants a finding that when the plaintiff purchased the step-ladder he did so by demanding one of a definite brand or trade name. *Denied.*

5. There is no implied warranty of fitness for a particular purpose where the purchaser demands goods of a definite brand or trade name, in the absence of knowledge of the defendant that the goods are unsound. *Denied. Assumes facts not found. I find plaintiff did not demand ladder of definite brand or trade name.*

6. The evidence does not warrant a finding that the defendant, its agents or servants, knew that the step-ladder was unsound or defective. *Denied. Inapplicable.* See 3.

7. The plaintiff has failed to sustain the burden of proving that proper notice was giving the defendant as required by (Ter. Ed.), c. 106, § 38. *Denied.*

8. There is no evidence that the notice given by the plaintiff to the defendant made reference to a particular sale as required by G. L. (Ter. Ed.), c. 106, § 38. *Denied.*

The court found for the plaintiff, assessing damages in the sum of $1,035.00.

The defendant claims to be aggrieved by the judge's denial of its requests for rulings 1, 2, 7 and 8.

The only question argued by the defendant [in its brief and rally] was that the *notice* given by the plaintiff was not adequate. This Division does not consider qutstions of law that are not argued. *Carangias v. The Market Men's Relief Association, Inc.,* 293 Mass. 284.

G. L. (Ter. Ed.), c. 106, § 38, reads in part,— "But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows or ought to know of such breach, the seller shall not be liable therefor".

In *Nashua River Paper Co. v. Lindsay,* 249 Mass.

365, the court in commenting on this section said "Under G. L. (Ter. Ed.), c. 106, § 38, notice of breach of warranty, which the buyer must give after acceptance of goods in order to hold the seller liable for breach must refer to particular sales so far as practicable, fairly advise the seller of alleged defects and repel inference of waiver and although it need not take the form of an express claim for damages or threat of such it ought to be reasonably inferable therefrom that the buyer is asserting a violation of legal rights." In that case the reference to "particular sales" in the notice was vital because there were *several sales and shipments* extending over a long period and the identity of the sale or sales where it was claimed there had been a breach of warranty was important. However, that the court did not intend there should be a dated reference to particular sales in any and all instances is borne out by the decision in *Bruns v. Jordan Marsh Company*, 305 Mass. 437 where one pair of shoes was purchased from the defendant on credit on September 22, 1934 and had been delivered by the defendant to the home of the plaintiff. The evidence showed that on October 3, 1934 the heel of one of the shoes became detached and the plaintiff was injured. On the following day a friend of the plaintiff notified an adjuster of the defendant that the heel had come off the shoe and the plaintiff sustained an injury; that the plaintiff had a pair of Moseley shoes and fell down the stairs in her home—wanted a claim agent right away—that there was a flaw in the shoe and her doctor says she has a good case. The evidence further showed that the defendant had bought out the stock of the T. E. Moseley Co; that the tables upon which the goods were displayed for sale to its customers had signs which stated the stock was the complete stock of the Moseley Company; and that this stock of shoes went on sale September 22, 1934. Although the notice had not set forth the date of the particular sale the court held that it would not be unreasonable to infer that the sale being *on credit* the records of the defendant

would indicate the date of sale and that a finding of a seasonable and adequate notice was warranted.

We think the notice in the instant case was seasonable and adequate. Only a single article was involved in the one sale. Although it was a cash sale, the delivery by the defendant at the home of the plaintiff did not take place until some days later because the defendant did not have the type of ladder the plaintiff wanted in stock on the date of purchase.

Shortly after the accident the plaintiff gave notice to the defendant that *the ladder* had broken while he was on it.

The *notice* given a day or two after the accident was seasonable and if adequate in other respects, it was good under the statute.

The reasonable inference to be drawn from the whole transaction is that the defendant was in no way handicapped by the failure of the notice to give the *date of the sale*. Obviously,, the defendant had a record of the transaction and from this record it was able to deliver the ladder originally at the home of the plaintiff, deliver the replacement and its record was complete in detail is shown by the fact that it knew what type of ladder to deliver in both instances —for there is no evidence that the plaintiff described the ladder or even gave his address when he notified the defendant that the ladder had broken.

In short, this transaction was different from the ordinary over the counter cash sale where the seller could properly claim he was unable to identify the particular sale. The circumstances here take it out of that class of sales and place it in a category where the record would indicate the date and identify the particular sale as in *Bruns v. Jordan Marsh Company,* 305 Mass. 437. Further, when the plaintig notified the defendant the ladder had broken while he was on it and he thought they ought to replace it, he was asserting a violation of a legal right. The defendant apparently was not confused by this claim of a violation of a legal right for it acted upon the

notice and supplied a new ladder and from this act it could be inferred that the defendant was satisfied there had been a breach of warranty. It was not incumbent on the plaintiff to go further. He had asserted his claim of violation of a legal right and the defendant, having been apprised of what amounted to a breach of warranty, was under a dhty to inquire into the matter fully and not allege at this late day that there was no specific claim of injury made by the plaintiff. *Nashua Paper Co. v. Lindsay*, 249 Mass. 365 is definite in speaking of this phase of the notice—"it need not take the form of an express claim for damages or threat of such, it ought to be reasonably inferable therefrom that the buyer is asserting a violation of legal rights."

The notice in the instant case was seasonable, adequate and complied with the statute. There was no error.

The order is *Report dismissed.*

Roy Frank Kipp, for the plaintiff.

Leo J. Hession, M. J. Aldrich, for the defendant.