### Northern District

No. 5153

## JULIA MacDONALD
v.
## FLORENCE R. SOUTHER ET AL

(February 21, 1958)

*Present:* GADSBY, P. J., ENO AND NORTHRUP, JJ.

Case tried to RUSSELL, SP. J., in the First District Court of Eastern Middlesex. No. 596 of 1956.

*Eno, J.* This is an action of tort by which the plaintiff seeks to recover for property damage to her motor vehicle caused by a collision with a motor

vehicle, as a result of the alleged negligence of the defendant-owner Florence R. Souther and the alleged negligence of the defendant-operator, Douglas Souther. The answer is a general denial, contributory negligence and denial of agency.

*At the trial there was evidence tending to show that* one Ernest M. Navarro was operating a motor vehicle owned by the plaintiff, on his own business to go on a date, and not on any business of the plaintiff, with two girls and two other men, returning from Salisbury Beach on Route 1 in Newburyport on his way to Everett; that he pulled into a driveway on the left side of the road facing Everett; that while he was parked he left the motor vehicle to urinate; that when he returned he started the motor and drove to the edge of the road and stopped with the front wheels of the motor vehicle on the road surface; that he saw the lights of the defendant's vehicle coming from the direction of Everett about 50 to 75 feet away; that while he was stopped the defendant's motor vehicle collided with the plaintiff's motor vehicle; that he did not know the names of his passengers and made no attempt to locate them to bring them to court to testify; that he did not drink any alcoholic beverages at a night club in Salisbury Beach; that he had signed a statement in which he stated that the motor vehicle he was operating was **moving when the collision occurred**; that he was charged, in the district court of Newburyport, with operating a motor vehicle negligently so that the lives and safety of the public might be endangered; that he pleaded not guilty, was found guilty and paid a fine of $20.00; that the defendant's motor vehicle owned by the defendant Florence Souther was then being operated by Douglas Souther, with permission of the owner but on his own business and for his own purposes, on the extreme right side of the road, at a speed of thirty miles per hour; that the latter saw the plaintiff's vehicle 50 to 75 feet

away driving off the right side of the road; that it shot out and smashed the right front side of the defendant's vehicle spinning it around into the center of the road. Photographs of both vehicles were introduced in evidence but are not attached or made part of the report.

The trial judge denied the following defendants' requests for rulings of law:

"1. The evidence does not warrant a finding that the defendants were negligent.

2. On all the evidence, there should be a finding for the defendants.

3. The evidence does not warrant a finding for the plaintiff."

The court also made the following findings of facts:

"Douglas Souther drove his wife's car in a negligent manner and damaged a car owned by the plaintiff. The car driven by the defendant, Douglas Souther was registered in New Hampshire. The plaintiff was a Bailor."

Each defendant claims to be aggrieved by the denial of these requests.

Since the denial of his requests was not argued by the defendant Douglas Souther in his brief, we treat this as having been waived. *C. v. Dyer*, 243 Mass. 472, 508; *Guinan v. Famous Players Lasky Corp.*, 267 Mass. 501, 519; *Carangias v. The Market Men Relief Ass'n. Inc.*, 293 Mass. 284, 285; *Boston v. Dolan*, 298 Mass. 346, 355, 356; *Soscia v. Soscia*, 310 Mass. 418, 420.

The report does not show that the motor vehicle owned by the defendant Florence R. Souther was registered in her name, therefore the plaintiff is not helped by G. L. (Ter. Ed.) c. 231, §85A which provides that evidence of such registration is prima facie evidence that the motor vehicle "was then being operated by and under the control of a

person for whose conduct the defendant was legally responsible," *Smith v. Freedman*, 268 Mass. 38, 40. All that the evidence shows is that Douglas Souther was operating Florence R. Souther's motor vehicle for his own purposes and not on her business.

Even though the judge had disbelieved this testimony, it is not proof of facts to prove the contrary — *Conley v. United Drug Co.*, 218 Mass. 238, 241; *Boice-Perrine Co. v. Kelley*, 243 Mass. 327, 330; *McDonough v. Vozzela*, 247 Mass. 552.

Therefore, since there was no evidence to prove that Douglas Souther was operating the motor vehicle as agent of, or on business for, Florence R. Souther, it was prejudicial error to deny her requests for rulings, and the finding for the plaintiff as against her is to be reversed and a new finding is to be entered for her.

In the case against the defendant Douglas Souther the report is to be dismissed.

Max S. Ficksman and George E. Rubin, for the plaintiff.

Pro Se for the defendant.