*Northern District*

No. 5563

**J. HOWARD SNOW**

v.

**PAUL WHITMARSH**

(January 30, 1962)

*Present:* Brooks, P. J., Kelleher & Connolly, JJ.

Case tried to *Di Vitto, J.,* in the District Court of Newton. No. 3666.

*Connolly, J.* In this action of tort, the plaintiff seeks to recover for personal injuries and property damage sustained as the result of an automobile accident.

Before trial, it was agreed by the parties that the accident occurred on November 17, 1959; that both cars were properly registered and the operators duly licensed; that the accident occurred on a public way; and that the stop sign was a legally constituted sign; that in the event there was a finding for the

plaintiff, that the amount of property damage was to be in the sum of $176.10.

After trial, the trial judge made the following findings and rulings:

"I find as a fact that there was a collision between a motor vehicle operated by the plaintiff and a motor vehicle operated by the defendant on November 17, 1959 at about 2:15 p.m. on St. Mary's Street at the intersection of Mountford Street in Brookline, Mass. I find that the plaintiff was operating a 1955 Nash Rambler on St. Mary's Street; that before entering the intersection from St. Mary's Street, the plaintiff came to a full stop in compliance with a stop sign. Plaintiff looked to his left and right and saw no on-coming cars in the immediate area; that when he was three-quarters of the way across the intersection, his automobile was struck in the area of the right door by the front of the automobile which the defendant was operating on Mountford Street. I find that the plaintiff proceeded at a rate of speed of about 5 m.p.h. after having stopped at the stop sign. I find as a fact that when the plaintiff was in the intersection, he observed the defendant coming from his right. I find that the defendant was traveling at a rate of speed of 20 to 25 m.p.h. After the accident, the plaintiff inquired of the defendant as to why he had not stopped and the defendant replied: "I didn't see you." I find as a fact that there was no obstruction to the

defendant's view and find that he was careless and negligent in not seeing the plaintiff and bringing his car to a stop before the collision. I find as a fact that the plaintiff's car entered the intersection first and find that the plaintiff was in the exercise of due care in operating his car in the manner in which he did prior to the collision."

"I find that as a result of the collision due to the defendant's negligence, the plaintiff sustained a strain of the muscles in the neck area and strained right arm; that there was stiffness and numbness in the arm for a period of three weeks; that he suffered pain and discomfort for a period of three weeks; that he was confined to his home for 4 days; that he visited the doctor one time; that he received additional advice from the doctor; that the plaintiff applied heat treatments at home during the three week period. I do not find that the plaintiff received injury to his left shoulder or left arm."

"With reference to the Defendant's Requests for Rulings of Law, Nos. 1, 2, 3 and 8 are granted. Number 4, 5, 6, 7, 9 and 10 are denied."

"On Count 1, I find for the plaintiff in the sum of $176.10. On Count 2, I find for the plaintiff and assess damages in the sum of $350.00 (three hundred and fifty dollars)."

The defendant's requests for rulings of

Law cited above by the trial judge were seasonably filed.

Neither party argued orally before the Appellate Division. The defendant filed a brief. This brief concerns itself solely with the denial of Request No. 10.

█ The bald assertion in first paragraph of the brief that the other requests were proper statements of the applicable law does not comply with Rule No. 31 of the District Courts and is disregarded. *MacDonald v. Souther,* 15 Mass. App. Dec. 81; *Lolas v. Berlin,* 338 Mass. 10.

█ Consequently, the defendant has waived his requests 4, 5, 7, and 9. *Lavigne v. Weiner,* 14 Mass. App. Dec. 150.

█ Request No. 10, the only one with which this Court is concerned, is as follows:

> The plaintiff's oral testimony that he did not report the accident to the Brookline Police, though he knew it was required that motor vehicle accidents in which personal injuries had occurred be so reported, is sufficient basis to warrant the Court's finding the plaintiff did not in fact suffer personal injury in the accident in which he was involved with the defendant.

Denial of this request was not prejudicial error. Assuming that the defendant is correct in his assertion that the evidence referred to in the request would warrant a finding that the plaintiff did not sustain personal injury, it does not follow that the denial of the request was prejudicial error.

In this case, the special and detailed findings of the trial judge can lead only to the conclusion that he was guided by all the evidence in the case and did not base his findings on the theory that the evidence cited in the request was insufficient to warrant the finding that the plaintiff did not sustain personal injury. *Gournoyer v. Holyoke,* 314 Mass. 604; *Grossman v. Rudderham,* 319 Mass. 698.

There being no prejudicial error, the report is to be dismissed.

Webb, Webb & Martin of Waltham, for the Defendant.

J. J. O'Brien, S. S. Fox and H. S. Mades of Boston, for the Plaintiff.