## *Western District*

### J. G. ROY LUMBER COMPANY
### v.
### GILBERT LeBLANC

Argued: June 30, 1964—Decided: Sept. 12, 1964

*Present*: Garvey, P. J., Moore, J., Levine, J. & Allen, J.

Case tried to *Sloan, J.* in the District Court of Springfield. No. 159730.

*Moore, J.* This is an action of contract for a balance due for goods sold and delivered according to an account annexed which was as follows:

"Account 'A'

J. G. Roy Lumber Co.
  861 Meadow Street
    Chicopee, Mass.
To Gilbert W. LeBlanc, Jr.
  271 Chapin Street
    Ludlow, Mass.

| | |
|---|---|
| Balance due on account | $597.56 |
| Interest due at 6% per annum | 38.84 |
| | $636.40" |

The defendant filed a general denial and a plea of payment.

The trial judge made the following finding: "The court finds for the plaintiff and assesses damages in the sum of $597.56. Defendant's requests for rulings numbers 1, 4, 6 and 7 are granted and numbers 2, 3, 5, 8, 9, 10, 11 and 12 are denied as the court finds the plaintiff fully performed its contract."

The defendant claimed in his request for a report to be aggrieved by the denial of its requests noted above and the court's findings. However, the defendant in his brief only set forth contentions as to prejudicial errors in reference to the refusal of the trial judge to grant requests numbered 3 and 11. Also, the plaintiff did not argue before us

any contention of errors in the refusal to give the requests other than those numbered 3 and 11. We therefore consider that the grievances, if any, involved in the denial of the other requests were waived. *Newton Mortgage Corp. v. Nissen,* 280 Mass. 267, 271; *Hollister v. Old Colony Tr. Co.,* 328 Mass. 225, 230.

We, therefore, direct our attention as to whether there was prejudicial error in reference to the denial of the requested rulings Nos. 3 and 11 which are as follows:

3. As the plaintiff's claim against the defendant is in excess of the estimates or agreed amounts pertaining thereto which plaintiff gave to the defendant, plaintiff cannot recover the amount of its claim as the estimates and agreement regarding discounts was the basis on which the plaintiff agreed to fill orders for the amount of the estimates and to give agreed said discounts.

11. As plaintiff failed to give defendant the discount agreed upon by the parties, it cannot recover the amount of its claim.

Rule 27 of the District Court Rules requires that:

"—the court shall state the facts found, or the facts recited which it does not find, upon which such refusal is based, unless the same appears from special findings filed."

Neither did the court state that the requests were refused on grounds that they were inconsistent with or inapplicable to facts found.

The only reason that the trial judge gave for refusing the requests was that he found

that the plaintiff had fully performed its contract. He, however, makes this finding in the face of the evidence as reported by him that the plaintiff admitted that the defendant was to receive a 40% discount on all purchases and that it, the plaintiff, had not given this discount on some of the items sold to the plaintiff. In view of these admissions which bind the plaintiff (*Lanagan v. Pianowski,* 307 Mass. 149, 152) we do not see how the court could find that the contract was fully performed.

The gravamen of the defendant's grievances in reference to the denial of his third and eleventh requests is that the trial court found that the plaintiff had performed fully its contract in face of the plaintiff's own admission that it had not given the discounts it had agreed to give. We believe that the matter becomes a question of law and not of fact in this particular instance. *Moss v. Old Colony Tr. Co.,* 246 Mass. 139, 143.

On no reasonable view of the evidence, with any legitimate inferences therefrom, can we see how the trial judge could find that the contract was fully performed in face of the plaintiff's own admission that it had not so performed. Defendant's requests Nos. 3 and 11 and the manner of their refusal by the trial judge raises a question of law reviewable by the Appellate Division, and we feel that there was prejudicial error in the refusal of those two requests.

*We, therefore, find that there was prejudi-*

*cial error in refusing to grant the defendant's requests for rulings numbered 3 and 11 and that the order should be*: *NEW TRIAL.*