*Northern District*

## KENNETH WHALEN

v.

## WILLIAM STRONG

Argued: May 22, 1968 Decision: July 22, 1968

*Present:* Connolly, P.J., Parker, Yesley, J.J.

Case tried to *Thomson, J.,* in the Central District Court of Northern Essex No. 420 of 1966.

*CONNOLLY, J. This action of tort* for conversion comes to this Division as the result of a finding for the plaintiff and the denial by the trial judge of certain requests for rulings filed by the defendant.

These requests which were seasonably filed were:

1. In the above matter the evidence warrants a find for the defendant.

2. Upon all the evidence the defendant is entitled to a finding in his favor.

3. Since there has been no evidence of the

identity of the defendant a finding is required for the defendant.

The trial judge filed a memorandum entitled: "Findings of Fact and Rulings on Defendant's Requests for Rulings of Law."

The Finding of Fact are supported by the evidence. The memorandum follows:

"This is an action in tort (two counts) for conversion of personal property. The defendants answer is a general denial. Neither party filed interrogatories. The defendant contends as follows:

1. There is no identity of the defendant.

2. There was no conversion by the defendant.

3. The plaintiff is not the proper party to bring the suit.

"I find the following facts:

"In April 1964 the plaintiff rented from one William Strong an apartment in a building owned by Strong, numbered 507 Washington Street, Winchester, Mass. Said Strong lived next door at 509 Washington Street. The rent was paid monthly in advance to Strong by the plaintiff at 509 Washington Street. On various other occasions the plaintiff had conversations with Strong at 509 Washington Street. The plaintiff's rent was paid for the month of May, 1965. On May 3, 1965, after a dispute with his wife, the plaintiff left the premises. The plaintiff's wife left one week later, leaving furniture and personal belongings of the plaintiff valued

at $600.00. The plaintiff returned to the apartment on May 16, 1965 and found the lock had been changed. The landlord (Strong) refused to give the plaintiff his furniture and personal effects stating that "he did not give proper notice of his intention to vacate." The plaintiff returned later with the police but was still denied admission by Strong.

"The defendant Strong when the case was called for trial left the courtroom and did not testify. Service of the writ was made on William Strong at 509 Washington Street, Winchester.

"I find for the plaintiff on count #1 in the sum of six hundred ($600) dollars.

"As to the defendants requests for rulings I allow #1, deny #2 and #3 inapplicable to the facts found."

The defendant did not file a brief and is presumed to have waived his claim of error *J. G. Roy Lumber Co.* v. *LeBlanc* 29 Mass App. Dec. 160; *Lavine* v. *Weiner* 14 Mass. App. Dec. 150.

It is obvious from the findings of the Trial Judge that there was no error in his disposition of the defendant's requests.

**The Report is dismissed.**

ELLIOT I. MISHARA
    for the plaintiff
WILLIAM STRONG
    for the defendant