*Southern District*
No. 72
**EDMUND P. BARASO, d/b/a**
**E. P. BARASO REAL ESTATE**
**v.**
**ALFRED B. SIMPSON AND**
**DOROTHY T. SIMPSON**

Argued: Jan. 31, 1974 - Decided: Mar. 18, 1974

*Present:* Murphy, P.J., Lee, Rider, JJ.

Case tried to *Covett, J.* in the District Court of Brockton, No. 48088.

**Murphy, P.J.** This is an action of contract to recover a real estate broker's commission.

The answer is a general denial and various other defenses not material here. The court found for the defendants and the justice made specific findings as follows:

"I find that the defendant engaged the plaintiff as a broker to sell his home located at 54 Fitzpatrick Circle, Brockton. The agreed price was $25,900. The broker agreed to list the property with the Multiple Listing Service and did so. On August 14, 1972, the Doran Realty, Inc. showed the property to William B. Tirrell and his wife who were interested in purchasing the property. The prospective buyers had $9,600. in cash, savings and checking accounts. Prior to their seeing this property, Mr. Tirrell had discussed with his bank in general terms the financing arrangements for the purchase of a home. He was told by the bank that he would need twenty per cent of the purchase price as a down payment. This particular home was not discussed. On August 14, 1972, Mr. and Mrs. Tirrell did offer to purchase the defendant's property for the sum of $25,500. and signed a purchase and sale agreement conditioned on his obtaining a mortgage of $20,400. On the same day, the defendant refused the offer. On August 15, 1972, Mr. and Mrs. Tirrell then offered $25,900. and signed a purchase and sale agreement. The agreement was conditioned on the buyers' obtaining a mortgage of $20,700. The agreement also provided that the property be free of all ten-

ants within 48 hours after the passing. The defendant refused to execute the purchase and sale agreement. The defendant told the plaintiff that his circumstances had changed and that the property was not for sale. I find that the plaintiff acted in good faith throughout his dealings with the defendant. I find that the buyers conditioned their obligation to purchase on an approval for credit. I also find that the agreement signed by the buyer obligated the seller to have the premises free of all tenants within 48 hours after the title was passed. I am unable to find that the buyer (sic) agreed to these terms, therefore I find that the buyers were not ready, willing and able to purchase the property on the defendant's terms. The plaintiff has failed to sustain his burden. See *Cisco v. Zussman,* Mass. Adv. Sh. (1972) 1089, 1091. The case of *Gaynor v. Laverdue,* Mass. Adv. Sh. (1973) 111 is distinguished in that the buyer submitted an unconditional offer to purchase at the agreed price.''

We do not summarize the reported evidence here, since the judge's findings amply cover all of that evidence.

The plaintiff claims to be aggrieved by the court's denial of his request for ruling No. 1 and by the court's denial of his motion for a new trial.

Request for ruling No. 1 was to the effect that ''on all the evidence, a finding in favor of the plaintiff is required.'' The other claim,

as noted above, was to denial of his motion for a new trial.

Rarely can it be ruled that a finding for the plaintiff is required in a case of this kind. *Hoffman* v. *Chelsea,* 315 Mass. 56 and cases cited. *Liberatore* v. *Framingham,* 315 Mass. 538. As for the denial of the motion for a new trial, this is purely discretionary and the record before us does not reveal any abuse of that discretion. *Bartley* v. *Phillips,* 317 Mass. 35. *Daddario* v. *Gloucester,* 329 Mass. 297-301.

On this record both of these contentions of the plaintiff would appear to be lacking in merit and warrant dismissal of the report. However, without discussing that phase of the case further, this report must be dismissed for failure to comply with the rules.

Rule 31, District Court Rules, 1965 as amended, requires the appealing party to furnish 5 copies of the report and 5 copies of the brief to the clerk within 15 days after the report is allowed. The report was allowed on October 9, 1973. No motion was ever filed requesting further time to file copies of the report, no copies of the report or briefs were ever filed and no one appeared to argue at the hearing before us. Rules of Appellate procedure should be strictly construed. *Famigletti* v. *Neviackas,* 324 Mass. 70. *Whalen* v. *Strong,* 41 Mass. App. Dec. 113.

In our judgment, this appeal must be dismissed for failure to comply with Rules of

Appellate procedure as set forth in District Court Rules, 1965, as amended. *Stenberg* v. *Frost,* 45 Mass. App. Dec. 193.

**So ordered.**

TERZIAN & TERZIAN
  for Plaintiff
KARNIG BOYAJIAN
  for Defendant