*Municipal Court of the City of Boston*

## No. 356377

## EARL SHERIDAN
### v.
## TRAVELERS INSURANCE CO.

Argued: March 5, 1976. Decided: March 31, 1976

Case tried to *Canavan, J.*

Present: Foster, J. (Presiding), Doerfer, J.

**Doerfer, J.** This is a report claiming error in the denial of the plaintiff's requests for rulings, in effect that the evidence required a finding for the plaintiff. No brief was filed by the appellant and accordingly his appeal is deemed waived, *American Agricultural Chem. Co. v. Robertson,* 273 Mass. 66, 76 (1930); *Madden v. Madden,* 279 Mass. 417, 424 (1932); *Newton Mortgage Corp. v. Nissen,* 280 Mass.

267, 271 (1932); *Carangias v. Market Men's Relief Ass'n.,* 293 Mass. 284 (1936); *Olson v. Carpenter,* 296 Mass. 120, 125 (1936); *Soscia v. Soscia,* 310 Mass. 418, 420 (1941), *Lanzelli v. Lund,* 42 Mass. App. Dec. 97, *Whalen v. Strong,* 41 Mass. App. Dec. 113, and he is defaulted. By leave of court appellant was allowed to address the court briefly at oral argument, and we summarize the issues below to show that the result, after full argument, would probably have been the same.

 The plaintiff claimed under his standard Massachusetts compulsory automobile insurance policy for medical expenses arising out of an accident. G. L. c. 90, §§34A, 34M. All bills were paid by the defendant except for a chiropractor's bill in the amount of $564.00. The chiropractor testified at trial as to the reasonableness and necessity of this bill and treatment of the injuries suffered by the plaintiff and arising out of said motor vehicle accident.

The trial justice found as a fact, "I do not find that the itemized bill of . . . [the chiropractor] totalling $564.00 for services rendered to the plaintiff, is a reasonable and necessary expense incurred in treating the injuries suffered by the plaintiff and arising out of the motor vehicle accident . . .".

The reported evidence shows that plaintiff was seen by an orthopedic doctor, given pills for muscle relaxation and that the pains complained of diminished or vanished when he took the pills.

Plaintiff also had x-rays taken by another doctor and received physical therapy on two occasions from a third doctor. The plaintiff was dissatisfied with his treatment by these doctors at which point he consulted the chiropractor.

The question of whether the bills were reasonable was for the trial justice to decide as a matter of fact. *Victum v. Martin,* —— Mass. ——,[1] The evidence recited above to the effect that other doctors had treated the defendant satisfactorily could be considered as bearing on the unreasonableness of further treatment. Furthermore, the trial justice was not compelled to believe the testimony of the chiropractor as to the reasonableness of his services in this context. See *Ashapa v. Reed,* 280 Mass. 516, 517 (1932). Thus, there was adequate evidence to support the finding of the trial justice.

**Report dismissed.**

---

[1] Mass. Adv. Sh. (1975) 1032