Welsh, P.J.
This is an action seeking damages for the alleged breach of a building contract.
The defendant denied liability and asserted a counterclaim for damages caused by plaintiff’s alleged breach of the same contract.
The judge found for the plaintiff in the principal action and for the defendant in counterclaim on October 7,1983. Judgment was entered on that date in accordance with Rule 58(a), Dist./Mun. Cts. R. Civ. P. An amended finding relating solely to the counterclaim was entered and mailed to the parties on October 12,1983.
A copy of the finding and amended finding was mailed to the defendant’s attorney directed to his office address. The attorney for the defendant asserts that he did not personally become aware of the finding and the amended finding until October 17 or 18. The attorney for the plaintiff asserts that he received his copies of the documents on October 12 and 13.
On October 24,1983, the clerk refused to accept the “in hand” tender of the request for transfer to the Superior Court and check covering the entry fee and $100.00 deposit in lieu of bond for the reason that the request for transfer was not timely made.
The defendant claims to be aggrieved by the court’s denial of his motion to file appeal.
We do not reach the merits of the appeal because the defendant failed to prosecute his appeal by filing the requisite 5 copies of the report as allowed by the court and by filing a brief in the prescribed number of copies within 15 days after notice of allowance of the report, all as provided in Rule 64(f), Dist./Mun. Cts. R. Civ. P. No request for enlargement of the time was filed with the Appellate Division and the appellant has failed to demonstrate good cause for his failure. Rule 64(g) provides:
(g) Unnecessary Delay. If a party whose request for report has been allowed or established shall not prosecute the same promptly by preparing the necessary papers br otherwise as herein provided, the Appellate Division may upon motion or of its own initiative order the *145 cause to proceed as though no such claim had been made, and may impose double costs or take such action as justice may require ...
Failure to argue a point in a brief is deemed to be a waiver of the point in appeal. J.G. Roy Lumber Co. v. LeBlanc, 29 Mass. App. Dec. 160, 162 (1964); Sheridan v. Travelers Insurance Co., 57 Mass. App. Dec. 131 (1976). Failure to file a brief warrants dismissal of the report and the imposition of double costs. Braga v. Bettencourt, 11 Mass. App. Dec. 41, 42 (1955).
It is ordered that the report be dismissed and that double costs be taxed against the appellant.
So ordered.